UNITED STATES, RESPONDENT, *v.* P. D: SPRAGUE, APPELLANT.

CRIMINAL LAW.—PROCEDURE.—OPENING STATEMENT.—Under the statute of Utah Territory, which provides that after the reading of the indictment and statement of plea by the clerk, the prosecuting attorney or other counsel for the people must open the cause and offer the evidence in support of the indictment, it is not error for the trial court to permit the introduction of evidence by the prosecution without a statement being made of what facts counsel for the people intends to prove.

APPEAL from a motion refusing a new trial and from a judgment of the district court of the third district. The opinion states the facts.

*Mr. Orlando W. Powers,* for the appellant.

*Mr. Charles S. Varian, U. S. Attorney,* for the respondent.

ZANE, C. J.:

The defendant was indicted for the crime of attempting to pass counterfeit coin of the United States, found guilty by a jury, and sentenced by the court to imprisonment in the penitentiary for three years, and to pay a fine of $100. The indictment being read and the plea stated, the prosecuting attorney, without a statement of the substance of the evidence he expected to offer, or the facts that he expected the testimony would tend to prove, offered evidence to the jury, to the introduction of which, without such statement, counsel for the defendant objected and excepted. The defendant now assigns the overruling of the objection, and the admission of the evidence with-

out such statement, as error.   Section 5033, 2 Comp. Laws, Utah, 1888, is as follows:   "The jury having been impaneled and sworn, the trial must proceed in the following order.   (1) If the indictment is for felony, the clerk must read it, and state the plea of the defendant to the jury.   In all other cases this formality may be dispensed with.   (2) The prosecuting attorney, or other counsel for the people, must open the cause, and offer the evidence in support of the indictment.   The indictment to which the defendant had entered his plea contained a description of the offense alleged for which he was on trial.   While the prosecution usually make a general statement of the facts that it is expected the evidence will tend to prove, we are of the opinion that the statute does not imperatively require such a statement, nor do we think that the rules of practice do.   The evidence to prove the accusation was introduced before the defendant was called upon to offer any in his defense. A clear and forcible statement of plaintiff's evidence often imparts additional effect to the minds of jurors, and such a statement would not be likely to detract from its force. We are not prepared to say that the defendant was prejudiced by the failure of the prosecuting attorney to make a statement of the facts that he expected would appear from the evidence, before offering his testimony.   The judgment of the court below is affirmed.

BLACKBURN, J., and MINER, J., concurred.