### PEOPLE *v.* VAN DRIESCHE.

1. Criminal Law—Appeal — Matters Considered — Necessity of Exceptions.

    Assignments of error in a criminal case unsupported by exceptions will not be considered.

2. Same—Trial—Instructions—Waiver of Objections.

    Where, during the charge in a criminal case, respondent's attorney, in reply to a question from the judge, stated that his points had been fully covered, and that he was entirely satisfied, there was a waiver of objections to that portion of the charge already given, irrespective of the statute (Act No. 52, Pub. Acts 1901) giving a right to assign errors upon the charge without exceptions.

3. Same—Instructions—Assault—Misleading Instructions.

    Where, in a prosecution for assault with intent to do bodily harm, respondent stated that he struck the complaining witness with a knife in self-defense, an instruction that the " assault " is admitted, that the question is one of self-defense, was not misleading as intimating that an unlawful attempt to do violence was admitted.

Error to the recorder's court of Detroit; Phelan, J. Submitted June 12, 1908. (Docket No. 115.) Decided September 10, 1908.

Julius Van Driesche was convicted of an assault with intent to do great bodily harm less than the crime of murder, and sentenced to imprisonment for not less than two years in the Detroit house of correction.    Affirmed.

*Thomas J. Mahon*, for appellant.

*George B. Yerkes*, Prosecuting Attorney, and *Stewart Hanley*, Assistant Prosecuting Attorney, for the people.

McAlvay, J.    Respondent was convicted before the recorder's court for the city of Detroit of assault with intent to do great bodily harm less than the crime of murder. He was sentenced to the Detroit house of correction for a term of not less than two years, and is now confined under said sentence.  On the part of the people, it was claimed upon the trial that the complaining witness Boussie and Boehm, a companion, were walking along Franklin street, in the city of Detroit, and were accosted by respondent and Van Der. becke, his companion; that without cause or warning, after the interchange of a few words, the two last named assaulted the others; that respondent drew a knife, threw Boussie to the ground, and severely cut him five times before assistance arrived.   Two wounds were in the back, one in front, which penetrated the lung, one in the neck, and one in the hand.   Boussie was under the physician's care 10 or 12 days, and unable to work for 4 months.   On the part of the respondent, it was claimed that the attack was made by the other two upon his companion and then upon him; that he was thrown down, with the complaining witness on top of him, and a crowd came from a poolroom near by with billiard cues, all attacking him; that he was in great fear, and drew his knife in self-defense; that Boussie was the first one he struck.   Reversal of the case is sought on errors assigned.

No exceptions appear in the record to the rulings of the court upon the matters sought to be raised under the first four assignments of error.   The only time counsel for respondent took exception was when the prosecutor stated that

he objected to swearing a witness who was present during the trial contrary to an order to exclude all witnesses made on motion of the counsel himself. The prosecutor was strictly within his rights in making the objection. It was afterwards withdrawn, and no exception was taken to what was said at the time or objection made. No witness offered by respondent was excluded from testifying.

The other errors assigned are to certain portions of the charge. The attorney who conducted the trial for respondent is not the one who appears for defendant before us. After the court charged the jury at length upon every material aspect of the case, he said to respondent's counsel: "Do you think I covered your points?" Counsel responded: "Very fully, your honor. I am entirely satisfied." The court then completed the charge by a general statement that no bias or prejudice should enter into their deliberations, and, among other things, said:

"The assault in this case is admitted, I believe. The defendant claims it was done in self-defense. The people contend the contrary."

As to all matters in the charge upon which errors are assigned, we hold that the right to assign such errors was waived by counsel. The statute[1] which gives a right to assign errors upon the charge is one which is to the disadvantage of the trial court, who, if his attention were called to the claimed error, would at least have opportunity to consider it, and make correction, if convinced he had made a mistake. To indorse the practice in this case would be, in effect, to say that the same attorney could tell the court he had no objection to make to the charge, but was satisfied, and a few days later change his mind and assign errors to the charge. We will not say that a case might not arise where such practice would be permitted, but then only after application to the trial court. This is not such a case, and we will not consider the errors assigned to the charge before the waiver by counsel.

[1] Act No. 52, Pub. Acts 1901.—Reporter.

What was said afterwards above quoted is not within the waiver. This was not prejudicial to defendant, nor misleading to the jury. Defendant testified that Boussie was the first man he struck after he drew his knife. He said he did it in self-defense. This charge carries with it no intimation that the word "assault" used meant an unlawful attempt to do violence. The statement was intended to convey to the jury the gist of defendant's testimony, the same as if the court had said: "Defendant admits he struck Boussie; but claims he did it in self-defense." It was not error.

The judgment is affirmed.

GRANT, C. J., and BLAIR, MOORE, and CARPENTER, JJ., concurred.