PEOPLE *v.* KOHARSKI.

1. CRIMINAL LAW—TRIAL—OPENING STATEMENT.

The requirement that plaintiff's counsel shall make a full and fair statement of his case and of the facts that he expects to prove (Circuit Court Rule 24), is directory only: in a prosecution for murder, the prosecuting attorney did not commit reversible error in omitting to make an opening statement.

2. HOMICIDE—CONSPIRACY—MURDER—INTENT.

While it is a general rule that the several conspirators engaged in the commission of a felony are chargeable with a murder which one of them commits in the process of carrying out the purposed offense, even though homicide was not planned, the same rule does not apply to conspirators engaged in a misdemeanor which results in unpremeditated homicide.

3. SAME.

The trial court, in a murder case, committed error in charging the jury that "where several persons are concerned in the commission of a felony or of any unlawful act," and in the execution of a common purpose any one of them commits a murder, all who were present aiding or abetting in the unlawful purpose were guilty of the murder, the testimony having tendency to prove that the offense which the accused conspired to commit was simple assault,—a misdemeanor.

Error to the recorder's court of the city of Detroit; Phelan, J. Submitted June 13, 1913. (Docket No. 122.) Decided September 30, 1913.

Philip Koharski brings error from a conviction of the crime of murder. Reversed.

*Grant Fellows,* Attorney General, *Hugh Shepherd,* Prosecuting Attorney, and *Robert M. Toms,* Assistant Prosecuting Attorney, for the people.

*Chawke & Sloan,* for respondent.

BIRD, J. The respondent was informed against jointly with Joe Brostowicki and John Osik, and charged with the murder of Stanley Bartnitzki. He was given a separate trial, and convicted of murder in the second degree, and judgment was pronounced thereon. Both respondent and the deceased lived on Willis avenue near Orleans street in the city of Detroit. On the night of July 3, 1912, the deceased, Stanley Bartnitzki, got into an altercation with Brostowicki and worsted him, after which Brostowicki walked east on Willis avenue, where he met the respondent, Osik, and another young man. Brostowicki's clothing gave evidence of his encounter. He was hatless, and was crying. He informed them what had taken place, and told them that he was going back to kill Bartnitzki. The boys advised him to go home; but he started back towards Bartnitzki's house, followed by the boys. The testimony tends to show that Brostowicki went into the yard first, and was followed by the respondent; some of it, however, is to the effect that the respondent entered the yard first, and began the assault. He admits that he exhibited and flourished an unloaded revolver, saying that he would shoot any one "who did not stop fighting." Brostowicki and Bartnitzki soon became engaged again in a fight, in which Brostowicki stabbed Bartnitzki, as the result of which Bartnitzki died very soon after.

It is claimed on the part of the people that Brostowicki was aided by the respondent in making the assault and in keeping the other members of Bartnitzki's family from assisting him in his fight with Brostowicki. It is claimed upon the part of the respondent that he did nothing except to flourish the revolver and threaten any one who did not stop fighting, and that he did not know Bartnitzki, and that he had no ill will or malice against him, and had no mo-

tive for helping either him or Brostowicki, as he had neither acquaintance nor connection with either.

The respondent complains of several errors which occurred on the trial, two of which only will be considered.

(1) At the outset of the trial, the prosecuting attorney omitted the opening statement to the jury. This omission was called to the attention of the trial court, and a ruling requested that a statement should be made. The court refused to so rule and his refusal is now assigned as error. There appears to be no statute requiring the prosecuting attorney to make an opening statement to the jury; but there is a court rule which seems to make it his duty, and upon this rule the respondent bases his argument. The rule provides that:

"On the trial of a cause it shall be the duty of the plaintiff's counsel, before offering evidence to support the issue on his part, to make a full and fair statement of his case and of the facts which he expects to prove." Circuit Court Rule 24.

The prosecutor argues that this rule is directory merely, and not mandatory, and cites several authorities in support of his contention. *Johnson* v. *Commonwealth,* 111 Va. 877 (69 S. E. 1104); *Holsey* v. *State,* 24 Tex. App. 35 (5 S. W. 523); *United States* v. *Sprague,* 8 Utah, 378 (31 Pac. 1049).

We are of the opinion that the rule is directory, and that it was promulgated for the purpose of having the plaintiff's case outlined in advance so that the jury could the better see the force and bearing of the evidence as it came in, and, while we think it is a proper rule to enforce, we are not prepared to say that the refusal to enforce it is reversible error, where its omission is not shown to have been prejudicial to respondent's case. It is not pointed out by respondent how his case suffered by reason of its omission, and, in view of the fact that the first witness upon the

stand, the widow of the deceased, told a connected story of the whole controversy, we think the jury must have been early advised as to what the claims of the prosecution were.

(2) Serious complaint is made of the court's charge, wherein he instructed the jury that:

"There is another rule of law which you should understand in a case of this kind; that is, where several persons are concerned in the commission of a felony, *or of an unlawful act,* and, in the execution of the common purpose, any one of them commits a murder, all who are present aiding or abetting in the unlawful purpose are guilty of the murder, and it is not necessary, in order to make a party liable, that he be actually and immediately present at the commission of the offense.   *   *   *

"I charge you that, before you can find Koharski guilty of murder or manslaughter, you must be satisfied beyond a reasonable doubt from the evidence that he entered into an offer with Brostowicki and Osik, his codefendants, to whip Bartnitzki. Brostowicki is the man who was convicted here the day before yesterday. If that is true, he would be responsible for those acts."

While respondent admits that the law is that, where two or more persons conspire to commit a felony, and murder results, all are equally guilty of murder, it is insisted that, where two or more enter into a common purpose to commit a misdemeanor, and one goes further and beyond the common intent and purpose and commits a felony, his coconspirators are not guilty of the felony. The rule contended for by the respondent appears to have the support of our decisions. The rule finds support in the case of *People* v. *Knapp,* 26 Mich. 112. It was again considered in the case of *Nye* v. *People,* 35 Mich. 16, and later, in the case of *People* v. *Foley,* 59 Mich. 553 (26 N. W. 699), and the last case where the question was under consideration was the case of *People* v. *Bel-*

*ton,* 160 Mich. 416 (125 N. W. 386), wherein Mr. Justice STONE said in part:

"Undoubtedly if two persons go out with a common purpose to rob a man—that being a felony—and the man resists, and is killed by one of the conspirators or robbers, while the other robber is aiding and abetting his comrade by watching in aid of the common purpose or conspiracy, both might be guilty of murder, and this because of the conspiracy to commit a felony. But that doctrine would not apply in a case of assault with intent on the part of the assaulter only to rob, where the common purpose was to commit an assault only—a mere misdemeanor."

The record contains evidence which fully justifies the verdict which was reached by the jury, and, had that portion of the charge complained of been omitted, the result might have been the same. But if the jury were of the opinion that the conspiracy of respondent and Brostowicki went no further than a common purpose to whip Bartnitzki, then there was no room for them under the charge of the court to reach a different conclusion, although the respondent was entitled to it. As the proofs would admit of such conclusion, the charge was very damaging to respondent's case, and the cause must be reversed for that reason.

The conviction will be set aside, and a new trial granted, and the respondent remanded to the proper authorities of Wayne county.

STEERE, C. J., and MOORE, McALVAY, BROOKE, KUHN, STONE, and OSTRANDER, JJ., concurred.