BURWELL ET AL. *v*. FIRST NATIONAL BANK OF COLUMBIA CITY.

[No. 12,765. Filed December 8, 1927.]

1. PLEADING.—*Rule stated as to one defendant pleading defenses running to other defendants.*—The general rule is that a defense which is personal to one defendant is not available to his codefendants, but a defense which goes to the merits of the case or to the substance of the contract sued on may be pleaded by all of the defendants, and, if pleaded by one of them, it inures for the benefit of all. p. 585.

2. PLEADING.—*Surety pleading defense which principal has waived.*—A surety can plead no defense which his principal has waived or, by his conduct, has precluded himself from making, as the surety cannot repudiate a contract which his principal abides by. p. 586.

3. BILLS AND NOTES.—*Surety sued with comakers of note cannot defend on ground that another surety executed note on Sunday, such defense not being interposed by such other surety.*—A surety on a note, when sued with the other comakers thereof, cannot defend on the ground that the note was executed by another surety on Sunday, and was therefore invalid, when the only defense interposed by such other party was his discharge in bankruptcy. p. 588.

4.  BILLS AND NOTES.—*Fraud in inducing execution of note by principal not available to surety unless pleaded by principal.*— In an action on a note against the principal and his surety, fraud in inducing the execution of the note by the principal is a defense personal to him, and not to his surety, and is not available to the latter unless set up as a defense by the principal.    p. 588.

5.  PRINCIPAL AND SURETY.—*Surety cannot plead defense personal to principal.*—When the principal and his sureties are sued jointly, the sureties cannot defend on a ground personal to the principal and which he has not pleaded, as the principal has the right to waive the defense and the surety has no right to make that election for the principal.    p. 588.

6.  BILLS AND NOTES.—*Surety induced by fraud of payee to sign note was damaged.*—In an action on a note, proof that a defendant was induced by fraud of the payee to sign the note as surety, not only established the surety's defense but showed that he was damaged by such fraud.    p. 590.

7.  BILLS AND NOTES.—*Instruction as to fraud in procuring execution of note by surety wrongfully modified.*—In an action on a note, an instruction that if the jury found that a defendant's claim of fraud in procuring his execution of the note as a surety was established, it should return a verdict for such defendant, was wrongfully modified to require such defendant to prove that he was damaged by the fraud.    p. 590.

8.  BILLS AND NOTES.—*One of two sureties not entitled to avail himself of defense pleaded by other surety but not by himself.*— In an action against the makers of a note, including two sureties, each of them was entitled to avail himself only of such defenses as he had pleaded, so that a directed verdict against him was not error on the ground that it prevented him from taking advantage of a defense made by the other surety. p. 591.

9.  EVIDENCE.—*In action on note, no error in refusing proof by one surety of statements of cosurety in absence of plaintiff.*— In an action by the payee against the makers of a note, there was no error in refusing to allow defendants who were sureties to prove statements alleged to have been made by a cosurety where it was not claimed that such statements were made in the presence of any one representing the plaintiff, or that, when plaintiff accepted the note, it had any knowledge of such statements.    p. 591.

10.  TRIAL.—*Instruction directing verdict for defendant pleading discharge in bankruptcy held error because evidence did not cover all material averments of answer.*—In an action by the payee against the makers of a note, including three sureties,

an instruction directing a verdict for one of the sureties was error where the only evidence supporting his plea of a discharge in bankruptcy was a stipulation at the trial between him and the plaintiff that he had been adjudged a bankrupt, his property conveyed to a trustee in bankruptcy and that he was thereafter discharged as a bankrupt, as the evidence did not cover all the material allegations of the answer, and the other sureties were not bound by it.   p. 592.

From Noble Circuit Court; *Arthur F. Biggs*, Judge.

Action by the First National Bank of Columbia City against Walter K. Burwell and others.   From a judgment against all but one defendant, the named defendant and another appeal.   *Reversed.*   By the court in banc.

*Fred L. Bodenhafer, Howard W. Mountz* and *Perry E. Ort,* for appellants.

*Whiteleather & Bloom* and *Luke H. Wrigley,* for appellee.

McMAHAN, J.—Action by appellee on a promissory note signed by Tobey A. Pence, Herschel O. Pence, Walter K. Burwell and Charlie L. Jagger.   Tobey A. Pence filed an answer of general denial.   Herschel O. filed an answer alleging his discharge in bankruptcy.   Burwell filed an answer in several paragraphs, and being, in substance, as follows:

(1) *Non est factum;* (2) no consideration; (3) that the answering defendant signed the note as surety for Tobey A. Pence, which fact was known to appellee at the time such note was so signed; that appellee, in order to induce this defendant to sign the note as such surety, agreed if this defendant would so sign such note, it would not be delivered nor be a binding obligation unless Herschel O. Pence would also execute said note as a cosurety, and that appellee would procure the legal and lawful signature of Herschel O. Pence before the

note would be accepted by or delivered to appellee; that appellee took possession of such note and later induced Herschel O. Pence to sign and execute such note on Sunday; that the signature of said Herschel O. Pence on the note is invalid and the note void as to Herschel O. Pence by reason of having been executed by him on Sunday and that, because of such illegal execution by Herschel O. Pence, it has never been executed and delivered by the answering defendant; (4) that the execution of said note by the defendant Burwell was procured by the joint fraud of Tobey A. Pence and appellee.

Jagger filed answer of *non est factum,* no consideration, the execution of the note by Herschel O. Pence on Sunday, and that the execution of the note by him as surety for Tobey Pence was procured through the joint fraud of the bank and Tobey Pence. A demurrer was sustained to the third paragraph of each of these answers, setting up the execution of the note by Herschel O. Pence on Sunday.

A trial by jury resulted in a verdict and judgment in favor of appellee against all defendants except Herschel O. Pence, the verdict and judgment being in favor of the latter. From this judgment, Burwell and Jagger appeal and assign as error the sustaining of the demurrer to the third paragraph of their respective answers and the overruling of their separate motions for a new trial.

In support of the contention that the court erred in sustaining said demurrers, appellants insist that the failure of appellee to procure the "valid signature of Herschel O. Pence," discharged them from liability. This contention is based upon the theory that a note executed on Sunday is void and cannot be enforced. It is to be observed that neither of the appellants, Burwell nor Jagger, did any act on Sunday which would release

either of them from liability on the note. Their claim is that their comaker Herschel O. Pence executed the note on Sunday and that, by reason of such fact, the note is void, not only as to Herschel O. Pence, but that it is also void as to them. Herschel O. Pence makes no claim that the note is void as to him. When he filed his petition in bankruptcy, he scheduled the note in question as one of his debts, and in the instant case, the only answer filed by him was his discharge in bankruptcy. It may be assumed that an answer by him alleging that he, with the knowledge of appellee, executed the note on Sunday, would have been a good defense and that, under such circumstances, appellant could have interposed the same defense. The question for our decision is whether a surety on a note, when sued with all the other comakers of the note, can defend on the ground that the note was executed by another surety on Sunday, when the only defense interposed by the party so executing the note on Sunday is his discharge in bankruptcy.

The general rule is that a defense which is personal to one defendant is not available to his codefendants. But a defense which goes to the merits of the 1. case or to the substance of the contract sued upon may be pleaded by all of the defendants, and, if pleaded by one of them, it inures to the benefit of all. *City Nat. Bank* v. *Jordan* (1908), 139 Iowa 499, 117 N. W. 578; *United States Fidelity & Guaranty Co.* v. *Town of Dothan* (1911), 174 Ala. 480, 56 So. 953; *George Colon & Co.* v. *East 189 St., etc., Co.* (1910), 126 N. Y. Supp. 226; *Duggan* v. *Monk* (1908), 5 Ga. App. 206, 62 S. E. 1017; *Harrison* v. *Wallton* (1898), 95 Va. 721, 30 S. E. 372, 41 L. R. A. 703. When a defense is joint in its nature and goes to the validity of the cause of action, it inures to the benefit of all. *Miller* v. *Longacre* (1875), 26 Ohio St. 291.

A surety can make no defense which the principal can and does waive or by his conduct precludes himself from making. As was said (*Evans* v. *Keeland* [1846], 9 Ala. 42): "If the principal could abide by the contract and the surety repudiate it, the strange result would be produced that the principal would retain the fruits of the contract, whilst the surety would avoid performance of his obligation, on the ground of its invalidity in direct opposition to the acts of the principal, admitting that the contract was valid."

In *Young* v. *Perry* (1914), 187 Ala. 122, 65 So. 817, 52 L. R. A. (N. S.) 1146, the principal made no defense. The surety answered *non est factum* on the part of the principal. A demurrer was sustained to this answer and judgment went against both defendants. On appeal, it was held that, in the absence of fraud, a surety could not set up the defense that the other party did not sign the note so as to become bound, if the objection was not raised by the principal, such a defense being purely personal to the principal and not available to the surety.

In *Schmidt* v. *Bank of Commerce* (1914), 234 U. S. 64, 58 L. Ed. 1214, cited by appellants, Broyles, who was the principal on the note, defaulted. The other defendants, six in number, were sureties. They filed answers alleging they had signed for the accommodation of Broyles, and had been induced to sign by the fraudulent representations of the bank. The evidence was sufficient to show that four of the sureties had been induced to sign by reason of fraud, but there was no evidence of any fraud in so far as the other sureties were concerned. The trial court sustained a motion for a directed verdict against all the defendants except one, holding that as to the one, the evidence was sufficient to require that the question of fraud be submitted to the jury, whereupon the plaintiff took a nonsuit as to

the one defendant and on a directed verdict had judgment against the principal and the four sureties. On appeal to the Supreme Court of the United States, it was held that the evidence was sufficient to require the submission of the issue of fraud to the jury as to the four sureties and that the trial court erred in directing a verdict. The two sureties who failed to prove that they had been induced to sign the note through fraud contended that they were not bound if their cosureties were relieved from liability by reason of the plaintiff's fraud. After referring to §55 of the Negotiable Instrument Act of New Mexico, which is the same as §55 of the Negotiable Instrument Act of this state, §11414 Burns 1926, Acts 1913 p. 120, which section is as follows: Sec. 55. "The title of a person who negotiates an instrument is defective within the meaning of this act when he obtained the instrument, or any signature thereto, by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of faith or under such circumstances as amount to a fraud," the court held that the sureties who had failed to prove any fraud in so far as they were concerned must be regarded as comakers with the other defendant to whom the representations were said to have been made, and that if any of the signatures of these comakers was obtained by fraud, the equality of burden was altered. It also held that the plaintiff's fraud, assuming it to have been committed, changed the legal effect of the promise of these two defendants, and that they were entitled to have the evidence as to fraudulent representations submitted to the jury. It is to be observed that the parties upon whom the fraud was alleged to have been exerted were in the above case seeking relief from their obligation because of the alleged fraud. If such parties had waived the defense of fraud by failing to file an answer of fraud,

a different question would have been presented upon the contention of the sureties upon whom no fraud had been practiced.

In the instant case, if the signature of Burwell had been obtained by the fraud of appellee bank, Jagger, as a comaker with Burwell, would be entitled to be

3. relieved from any liability on the note, if Burwell, under proper pleadings, would have been entitled to be relieved because of such fraud. But the issue raised by Jagger's answer was not the fraud in securing the signature of Burwell and thus increasing the joint liability of Jagger. He, by his answer, simply asked relief because of fraud in securing his signature. If Jagger had filed an answer of fraud in securing the signature of Burwell, and there had been a verdict and judgment in favor of Burwell releasing him from liability because of fraud, and there had been a verdict, directed or otherwise, against Jagger, a very different question would be presented, and the case of Schmidt v. Bank of Commerce would be in point.

In an action against the principal and sureties on a promissory note, fraud in inducing the execution of the note by the principal is a defense personal to the

4, 5. principal, and not to the sureties, and is available to the latter only when available to the principal. *McCabe* v. *Raney* (1869), 32 Ind. 309, 311. And, for like reason, the defense that a note is executed by the principal on Sunday is a defense personal to the principal and is not personal to his sureties. When the principal and his sureties are sued jointly, the sureties cannot defend on a ground personal to the principal and which he had not pleaded. The principal in such a case has the right to waive the fraud and insist on the fulfillment of the contract. His surety has no right to make that election for him. *Brown* v. *Wright* (1828), 23 Ky.

396, 18 Am. Dec. 190. There was no error in sustaining the demurrer to the third paragraph of answer of appellants.

Complaint is made of instructions Nos. 5 and 6 given by the court on its own motion. Instruction No. 5 relates to the issue of fraud as alleged in the answer of Burwell, wherein it is alleged that the latter was induced to sign the note as surety for Tobey A. Pence by reason of the fraud of appellee alone. Burwell, at the proper time and in the proper manner, tendered his instruction No. 6 and requested that the same be given. This instruction, after stating the substance of the paragraph of answer in question, told the jury that to establish this defense of fraud, the burden of proof was on Burwell to show that the representations so alleged to have been made were in fact made, that they were false, or that it had no good reason to believe they were true, that they were made with the intention of deceiving Burwell and thereby induce him to execute the note, that Burwell, believing and relying thereon and because thereof, was induced to execute the note, and that if the jury found said claim of fraud in the execution of the note by Burwell was established as claimed, and by the degree of proof stated, it should return a verdict for the defendant. The court refused to give this instruction as tendered, but modified it by inserting the words, "and that said Burwell has been legally injured thereby" so as to make the last part of the instruction read as follows: "And if you find from the evidence that said claim of fraud in the execution of said note by said Burwell is established as claimed, and by the degree of proof stated, and that said Burwell *has been legally injured thereby,* then you should return a verdict for the defendant Walter K. Burwell." The instruction as thus modified was given by the court and numbered 5.

Appellants contend that, under this instruction as modified and given, Burwell was required, not only to prove that his signature was procured by fraud, but that in addition thereto he was required to prove that he had been "legally injured thereby." Appellants, in this connection, insist this instruction is erroneous, in that it assumes, and, in effect, advises the jury, that even though Burwell signed the note because of fraud, the mere signing of the note was not an injury, but that he must go further and show some injury in addition thereto.    Where a surety is induced to sign a note by false representations, it is a case of fraud with damages.    "The damage" as was said in *Holliday & Co.* v. *Poole* (1886), 77 Ga. 159, 162, "is that it makes him obligate himself to pay this note; that it induces him to sign a paper on which he can be sued, and is here actually sued; that it puts him where he has to incur costs of suit and his own lawyers' fees to defend that suit, and on these notes to incur the obligation to pay also the fees of the payee's lawyers."    And in *Nipper* v. *Griffin Mercantile Co.* (1923), 31 Ga. App. 211, the court said:    "While it is well settled that in order to invalidate a written contract on the ground of fraud, the fraud must have resulted in injury or damage, yet here, against an action on a promissory note, the maker defends upon the grounds that he was induced to execute and deliver it by the misrepresentation of material facts, knowingly made by the payee in order to induce the making of the note, by which maker was defrauded and deceived, the case is not one of fraud without damage; but the damage exists in the execution of the note by which the maker assumes an obligation."

In *Bank* v. *Yelverton* (1923), 185 N. C. 314, 117 S. E. 299, in answer to the contention that the injured party must show both reliance upon the fraudulent representation and damages resulting therefrom, the court said:

"But the defendant's present loss is her liability on the note, and if after establishing the fraud she is denied the right to cancel the alleged obligation and is required to pay it the inevitable result of the fraud will be the defendant's payment of $5,000 with interest in consideration of a blue sky promise."

Instruction No. 6, as tendered by appellant Burwell correctly stated the law and should have been given without modification. The giving of the instruction as modified was error. Other instructions given by the court are subject to the same objection as No. 5 and should not have been given.

The court instructed the jury to return a verdict in favor of appellee against appellant Jagger. Jagger contends that the giving of this instruction was

8. error, not because there was any evidence to sustain his answer, but because it prevented him from taking advantage of any defense made out by Burwell. This contention cannot be sustained. Jagger was entitled to avail himself only of such defenses as he had pleaded. In order that a defense pleaded by Burwell should have been available to Jagger, it should have been pleaded by the latter as well as by the former. Had Burwell been the principal on the note and Jagger his surety, there might have been some merit in the contention that Jagger as surety was entitled to avail himself of any and all defenses made out by the principal.

Instructions tendered by Burwell and refused, in so far as proper, were covered by instructions given by the court on its own motion.

There was no error in the action of the court in refusing to allow appellants to prove statements claimed to have been made by Tobey A. Pence, there being

9. no claim that such statements were made in the presence of any one representing appellee, or that appellee, when it accepted the note, had any knowl-

edge of the alleged statements.   Nor was it error, under the issues, to refuse to allow appellants to prove that Herschel O. Pence signed the note on Sunday.

Appellants also contend the court erred in directing the jury to return a verdict in favor of Herschel O. Pence.   Herschel O. Pence, in his answer, after admitting the execution of the note, alleges that he filed his petition in bankruptcy, in which appellee was listed as a creditor, as the holder and payee of the note in question; that notice was given the creditors of the pending of the petition and that such further proceedings were had as resulted in his discharge as a bankrupt.   The only evidence in support of the answer is a stipulation entered into at the trial between appellee and Herschel O. Pence, to the effect that the answering defendant, after the execution of the note, was adjudged a bankrupt, that his property was conveyed to a trustee in bankruptcy and that he was thereafter duly discharged as a bankrupt.   This stipulation falls short of covering all of the material allegations of the answer, in that, it fails to state that appellee bank was named as one of the creditors, or that the note in question was listed as one of the debts of the petitioner.   It will also be observed that appellant did not join in the stipulation.   The court clearly erred in instructing the jury to return a verdict in favor of Herschel O. Pence.

Appellants have urged other reasons for reversal of the judgment, but since such alleged errors are not likely to arise on a second trial, we do not deem it necessary to discuss them.

Judgment is reversed because of the errors in giving instructions as heretofore pointed out.

Dausman, J., absent.