WATTS *v.* SORENSON ET AL.

[No. 15,416.  Filed May 4, 1937.]

*Thomas Duncan,* for appellant.

*Douglass & Helmke,* for appellees.

LAYMON, J.—This is an action by appellant to recover on a promissory note. To the complaint, which was in one paragraph, and in usual form, the appellees filed their answer in four paragraphs, being in substance as follows:

(1) General denial; (2) no consideration; (3) consideration of note wholly failed; (4) execution of note was obtained by fraud.

To the last three paragraphs of this answer appellant filed his reply in two paragraphs in substance; (1) general denial; (2) a reply alleging a contract with various modifications and cancellations and showing the payment to appellant by appellees of $2,500.00; $1,000.00 by check and $1,500.00 by a promissory note, which note is the one involved in this appeal. To the second paragraph of this reply appellees filed their answer in general denial.

A trial by a court and jury resulted in a verdict and judgment in favor of appellees. From this judgment appellant appeals and assigns as error the overruling of his motion for a new trial.

Appellant presents only two causes set out in his motion for a new trial, viz: That the court erred in giving to the jury instructions numbered five and two tendered

by appellees. Instruction number five complained of is as follows:

"I instruct you that an unqualified statement that the fact exists, made for the purpose of inducing the other to act upon it, implies that the person making it knows it to exist and speaks from his own knowledge. If the fact does not exist and the plaintiff states of his own knowledge it does and induces another to act upon the statement, the law will impute to him a fraudulent purpose.

"If you therefore find from the evidence, that the plaintiff, Edwyn E. Watts, represented to the defendants or either of them that he had a purchaser for One Hundred Thousand Dollars ($100,000.00) worth of North Anderson Sewer System Improvement Certificates and that thereby the defendants were induced to execute the note sued upon herein, if you so find, and if you further find from the evidence that said statement was untrue, and that the plaintiff did not have any person to buy the said One Hundred Thousand Dollars ($100,000.00) worth of North Anderson Sewer System Improvement Certificates then I instruct you that the execution of said note by the defendants was secured by the fraud of the plaintiff, and that your verdict should be for the defendants."

The criticism urged of this instruction is that it is peremptory in character and omits entirely the element of damages, if any, incurred by the appellees, and invades the province of the jury. Quoting from the case of *Nipper* v. *Griffin Mercantile Company* (1923), 31 Ga. App. 211, 120 So. 439, cited by this court in *Burwell* v. *First National Bank* (1927), 86 Ind. App. 581, 159 N. E. 15, the court said (p. 590) :

"While it is well settled that in order to invalidate a written contract on the ground of fraud, the fraud must have resulted in injury or damage, yet here, against an action on a promissory note, the maker defends upon the grounds that he was induced to execute and deliver it by the misrepresentation of material facts, knowingly made by the payee in order to induce the making of the note, by

which maker was defrauded and deceived, the case is not one of fraud without damage; but the damage exists in the execution of the note by which the maker assumes an obligation."

While this instruction can not be commended as clearly expressing all of the essential elements of fraud, yet the language adopted is in past tense and may, therefore, be susceptible to the construction that all of the elements of fraud are included. We do hold, however, that the instruction is not subject to the criticism urged by the appellant. *Burwell* v. *First National Bank, supra.*

That part of instruction number two complained of reads as follows: ". . . If you find from the evidence that the note in suit was executed by the defendants, . . . and that the sole consideration of Edwyn E. Watts that he would sell $100,000.00 worth of . . . certificates . . .; that after the execution of said note, the said plaintiff, Edwyn E. Watts, failed to keep his said promise and did not sell $100,000.00 worth of said . . . certificates, then I instruct you that the consideration of the note failed, and you should find for the defendants."

Appellant urges that this instruction is erroneous in "that the court invades the province of the jury and for itself alone determines the measure of damages flowing from the failure of the appellant, Watts, to keep his promise." This contention fails for the same reason and upon the same authority which we have mentioned in reference to instruction number five.

Appellant further contends instruction number two was erroneous for the reason that if appellant performed a part of his promise, in selling a part of the certificates he would be entitled to recover.

It will be noted under the issues submitted to the court that there was no answer of partial failure of consideration. No counterclaim or set-off was pleaded. The jury could not have found a partial failure of con-

sideration, under a plea of no consideration. Under the issues as formed, the judgment should have been for appellant for the full amount of the note, or there should have been a verdict and judgment for the appellees. *Dailey, Exr.* v. *Kunkel* (1924), 82 Ind. App. 590, 147 N. E. 166.

We therefore conclude there was no error in overruling the motion for a new trial.

Judgment affirmed.

Bridwell, P. J., dissents.