PEOPLE v. KACZOR

1. CRIMINAL LAW—DUE PROCESS—RIGHT TO ASSISTANCE OF COUNSEL
—POLICE LINEUP.
   Denial of counsel at the police lineup occurring before June 12,
   1967, is not reversible error as a denial of due process.

2. SAME—DUE PROCESS—RIGHT TO ASSISTANCE OF COUNSEL—COMPE-
TENCE OF COUNSEL.
   Defendant in a criminal case cannot succeed in a claim that he
   was denied the assistance of counsel on the ground that his
   court-appointed counsel was incompetent merely because the
   strategy employed by counsel did not succeed.

3. SAME—CRIMINAL INFORMATION—WITNESSES—DUTY OF PROSECU-
TION TO INDORSE.
   Failure of the prosecution to indorse on a criminal information
   the name of a certain witness known at the time of trial cannot
   be the basis for the granting of a new trial when the defense
   knew of the witness at the time of trial and failed to move
   to indorse the witness or to demand his production (CLS 1961,
   § 767.40).

Appeal from Wayne, Burdick (Benjamin D.), J.
Submitted Division 1 June 12, 1968, at Detroit.
(Docket No. 4,065.) Decided December 19, 1968.

Fred Anthony Kaczor was convicted of robbery
unarmed. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 313, 314.
[2] 21 Am Jur 2d, Criminal Law § 315.
[3] 21 Am Jur 2d, Criminal Law § 328.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Louis Rosenzweig,* for defendant.

Per Curiam. The defendant was convicted of robbery unarmed after trial by a court without a jury.[1] On appeal, three specific complaints of error are urged and one general complaint. First, defendant complains that he was denied his constitutional right to counsel at the police lineup where he was identified by the complainant and the complainant's wife. The lineup took place on June 6, 1966. Inasmuch as *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149), was given only prospective effect in *Stovall* v. *Denno* (1967), 388 US 293 (87 S Ct 1967, 18 L Ed 2d 1199), the defendant can claim no benefit from *Wade* for lineups occurring before June 12, 1967.

Defendant further contends that his right to due process was denied under a claimed exception to the *Stovall* rule based upon the dangers and unfairness inherent in confrontations for identifications without benefit of counsel. This contention must also be rejected for there is no such exception to the *Stovall* rule. It always remains open to all persons to show that the confrontation resulted from or in such unfairness that it infringed his right to due process. This is a recognized ground for attack upon conviction independent of any right to counsel claim. A claimed violation of due process in the conduct of a confrontation depends upon the totality of the circumstances surrounding it. From

[1] CL 1948, § 750.530 (Stat Ann Rev 1954 § 28.798).

this totality in a particular case the court can determine whether the proceedings comport with the decency, fairness and fundamental justice necessary to afford due process to an accused. The record in the present case fails to support a claim of a denial of due process in the confrontation here involved.

The failure to file a notice of alibi by defendant's counsel and an alleged refusal by counsel to present an alibi defense is next urged by defendant as a ground for a new trial. This can afford no basis for reversal for several reasons: (1) No offer of an alibi witness was made at the trial and rejected and hence no error can be predicated upon the failure to file a notice of alibi; (2) The preliminary examination was specifically adjourned so that the defendant could present the possible alibi witness whose existence had been called to the court's attention—at the rescheduled examination, the witness was not presented and the defense did not pursue the matter further; (3) At the time of the sentence, the defendant stated: "I also wish to bring to this court's attention that we had a belligerent witness that could not substantiate my whereabouts on the alleged night."

In making this claim, defendant really is making a claim of incompetence of his appointed trial counsel and therefore claims that he was denied his Sixth Amendment right to counsel. No such claim of incompetence can be established from this record and no strategic position taken nor decision made during the pre-trial and trial stages can be made the basis for a claim of denial of counsel due to incompetence solely because the strategy was not successful. This ground is without merit.

Equally without merit is the final ground asserted by the defendant. The defendant claims that a newsboy who is alleged to have found the wallet

which was claimed to have been taken from the complainant during the robbery should have been produced at the trial and was not. The wallet was not turned over to the police until three days after the robbery when an officer came to the complainant's home. Assuming in this case that the newsboy was a witness whose name the prosecution had a duty to endorse upon the information under CLS 1961, § 767.40 (Stat Ann 1969 Cum Supp § 28.980), we are not obliged to consider an assignment of error predicated upon failure to produce such a witness when that witness was known at the time of trial and defendant failed to move to endorse that witness' name or to demand his production. *People v. Rasmus* (1967), 8 Mich App 239.

And finally, contrary to defendant's assertion, there is ample evidence in the record which warranted the court's finding that the defendant was guilty beyond a reasonable doubt.

Affirmed.

T. G. KAVANAGH, P. J., and LEVIN and NEWBLATT, JJ., concurred.