PEOPLE *v.* JOSEPH

1. CRIMINAL LAW — CONSTITUTIONAL LAW — TRIAL STRATEGY — DUE PROCESS — ASSISTANCE OF COUNSEL.

Unsuccessful trial strategy cannot be made the basis of a claim that a defendant's constitutional rights to a fair trial and to effective assistance of counsel were prejudiced by his attorney's failure to present a defense, either by having the defendant testify or by producing witnesses to testify in his behalf, because a very strong showing of the incompetency of trial counsel is required before a defendant can prevail in this claim on appeal since the failure to have either the defendant or material defense witnesses testify is merely an error of judgment which does not constitute lack of effective representation of counsel.

2. CRIMINAL LAW—CONSTITUTIONAL LAW—TRIAL STRATEGY—ASSISTANCE OF COUNSEL.

Trial tactics of the defendant's assigned counsel in neither allowing the defendant to testify nor in presenting any defense appeared to be good strategy inasmuch as counsel successfully fought the introduction into evidence of the defendant's larceny confession, moved to dismiss the charges because the prosecutor's opening statement failed to recite a fact situation which would allow the jury to find defendant guilty of the crime charged, and did not allow the defendant to testify because of prior criminal convictions which included a disorderly conduct conviction arising out of a larceny in a building and a conviction of unarmed robbery.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 309 *et seq.*
  Incompetency of counsel chosen by accused as affecting validity of conviction, 74 ALR2d 1390.
[3] 53 Am Jur, Trial § 454 *et seq.*
[4] 5 Am Jur 2d, Appeal and Error § 545.
[5] 39 Am Jur, New Trial § 32:

3. CRIMINAL LAW—TRIAL—OPENING STATEMENT—CORPUS DELICTI—COURT RULES—MOTIONS.

Denial of the defendant's motion to dismiss a larceny in a building charge because of the prosecutor's failure in his opening statement to recite a fact situation which would allow the jury to find the defendant guilty of the crime charged, as required by court rule, was not error where the *voir dire* and the opening statement had informed the jury of the charge and the elements to be proved, as did the testimony of the first prosecution witness, and neither the record nor the defendant's appellate brief showed that he was prejudiced by the prosecutor's failure, and because precedential case law indicates that the demands on a prosecutor in his opening statement are not too rigorous (GCR 1963, 507.1).

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—PRESERVING QUESTION.

An error that might have been committed in the trial court's instructions to the jury could not be asserted for the first time on appeal where defense counsel failed to preserve that question for review by timely objection.

5. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—INDORSED WITNESSES—FAILURE TO CALL.

Prosecutor's failure to indorse two *res gestae* witnesses whose existence became known to him at trial and failure to call two indorsed witnesses who were in court and available to defense counsel did not object at trial to the prosecutor's failure to locate and to produce the claimed *res gestae* witnesses and where the prosecutor fulfilled his only obligation in regard to the indorsed non-*res gestae* witnesses, namely, to produce them in court.

Appeal from Kent, George V. Boucher, J. Submitted Division 3 April 7, 1970, at Grand Rapids. (Docket No. 7,665.) Decided June 2, 1970.

Arthur Joseph was convicted of larceny in a building. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, *Wesley J. Nykamp,* Chief Ap-

pellate Attorney, and *Donald A. Johnston, III,* Assistant Prosecuting Attorney, for the people.

*William J. Heyns,* for defendant on appeal.

Before: HOLBROOK, P. J., and BRONSON and E. W. BROWN,* JJ.

PER CURIAM. Defendant was convicted after jury trial of the crime of larceny in a building in violation of MCLA § 750.360 (Stat Ann 1954 Rev § 28.592). He was sentenced by the court to a term of from three to four years in prison.

On appeal defendant raises four issues:

1. Whether a criminal defendant is deprived of a fair trial and/or the effective assistance of counsel when his court-appointed counsel does not call the defendant to testify in his own behalf and does not present any other witnesses to testify in defendant's behalf.

2. Whether the prosecutor in a criminal case must in his opening statement recite a fact situation which would allow the jury to find the defendant guilty of the crime charged and, if so, whether the trial judge committed reversible error in denying defendant's motion to dismiss on this ground.

3. Whether defendant waived his exceptions to jury instructions for appeal purposes when, subsequent to his exceptions and after additional explication by the trial judge to the jury, defendant indicates he has no further objection.

4. Whether defendant was deprived of a fair trial by the failure of the prosecutor to actually call two witnesses indorsed on the information to the stand even though these witnesses were made available in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

court for defendant counsel to cross-examine and by the failure to locate and indorse certain alleged *res gestae* witnesses unknown to the prosecutor before trial.

Defendant on appeal argues that he was deprived of a fair trial because his court-appointed counsel did not effectively assist him in that the attorney failed to call either the defendant or other witnesses in his behalf.

Defendant asserts that the failure of his trial counsel to present a defense prejudiced his due process rights to a fair trial. No authority is cited for this proposition. A review of Federal and state cases seems to indicate that for the defendant to prevail on this argument, courts require a very strong showing of the incompetency of trial counsel.[1]

In the present case, the "tactics" of defendant's counsel might be considered good. He successfully

---

[1] Many of the Federal circuits have spoken on this subject. The Fifth Circuit reiterated its position recently.

"This court stated in *Kennedy v. United States* (CA5, 1958), 259 F2d 883: 'Ordinarily, unless a convicted prisoner or *habeas corpus* * * * alleges and proves misconduct of his counsel amounting to a breach of his legal duty faithfully to represent his client's interests, the defendant in a criminal case is bound by the acts of his counsel' ". *Cade v. Balkcom* (CA5, 1966), 361 F2d 212, 213.

No such showing of misconduct has been made by the appellant here, nor is misconduct apparent from the record. Although *Cade* involved counsel chosen by the defendant, not court-appointed counsel, it is still applicable since the appellant initially retained his counselor, Gordon A. Doherty (see notice of appearance, November 13, 1968 and arraignment transcript, November 15, 1968). It was not until January 23, 1969, that Mr. Doherty became court-appointed counsel.

The Third Circuit has not felt that the "court-appointed" aspect of a defendant's counsel was significant. Their conclusion is that "the tactics to be employed * * * are primarily those for the exercise of counsel's discretion." *Gawartka v. United States* (CA3, 1964), 327 F2d 129, 131. Appellee cites two additional Federal cases following this view. In *United States, ex rel. Bloeth,* v. *Denno* (CA2, 1963), 313 F2d 364, the Second Circuit stated that:

"Poor tactics of experienced counsel, however, even with disastrous result, may hardly be considered lack of due process." 313 F2d at 374, *rev'd* on other grounds. See, also, *United States, ex rel. Hamby,* v. *Razen* (CA7, 1944), 178 F2d 379.

fought introduction in evidence of appellant's confession, made motion to dismiss, and decided not to put defendant on the stand, in all probability because of defendant's previous record, which included a 1962 disorderly conduct conviction arising out of a larceny in a building and a 1964 conviction for unarmed robbery. With regard to the failure to call witnesses, one court has said, "the failure to produce and put on the stand material witnesses is merely an error of judgment which does not constitute lack of effective representation of counsel." *Hoffler* v. *Peyton* (1966), 207 Va 302, 311 (149 SE2d 893, 899).

As the people noted in their brief, recent Michigan cases correlate with this Federal trend. In a case in which the convicted defendant asserted as incompetent his counsel's decision not to offer an *alibi* defense, this Court said:

"No strategic position taken nor decision made during the pre-trial and trial stages can be made the basis for a claim of denial of counsel due to incompetence solely because the strategy was not successful." *People* v. *Kaczor* (1968), 14 Mich App 724, 726.

The decision of appellant's counsel not to call the defendant nor offer any defense would appear to be such a "strategic position" that this Court after *Kaczor* is reluctant to brand as "incompetent". Unsuccessful strategy cannot serve as a basis for a claim of denial of counsel due to incompetency. *People* v. *Kaczor, supra,* and *People* v. *Gorka* (1969), 381 Mich 515.

Defendant charges error in the trial court's denial of motion to dismiss for failure of the prosecutor's opening statement to recite a fact situation which would allow the jury to find the defendant guilty

of the crime charged, as required by GCR 1963, 507.1.[2]

At trial defendant moved to dismiss after the prosecutor's opening statement objecting to the fact that the prosecutor had "failed to recite a fact situation which would allow the jury to find the defendant guilty of the crime of larceny from a building." The court denied the requested relief, because the combined *voir dire* and opening statement had informed the jury of the charge and the elements to be proved.

Criminal cases indicate that the demands on the prosecutor in his opening statement are not too rigorous. In *People* v. *Fowler* (1895), 104 Mich 449, 452, the Supreme Court said that "the prosecuting officer's duty is to explain to the jury the nature and elements of the issue that they are to try." Even though the prosecutor had made a remark in his statement that was not later proved, the court did not think that was sufficiently prejudicial to compel reversal.

In *People* v. *Koharski* (1913), 177 Mich 194, the prosecutor omitted completely the opening statement to the jury. When defendant requested a ruling that a statement should be made, the trial court refused. When this was assigned as error, the Supreme Court said:

"We are of the opinion that the rule [Circuit Court Rule 24, now GCR 1963, 507.1] is directory, and that it was promulgated for the purpose of having the plaintiff's case outlined in advance so that the jury could better see the force and bearing of the evidence

---

[2] Appellant has called into question the language of GCR 1963, 507.1, which reads, in part:

"Opening Statements. Before the introduction of any evidence, the attorney for the party who is to commence the evidence shall make a full and fair statement of his case and the facts he intends to prove."

as it came in, and while we think it is a proper rule to enforce, we are not prepared to say that the refusal to enforce it is reversible error, where its omission is not shown to have been prejudicial to respondent's case." 177 Mich at p 196.

In *People* v. *Clayton* (1926), 236 Mich 692, when again faced with a claim of prejudice at the prosecutor's *failure* to make an opening statement, the Supreme Court said, "The jury was doubtless fully informed as to the charge against defendant when examined on their *voir dire.*" 236 Mich at p 694. The trial court in the present case also thought the *voir dire* was sufficient to inform the jury. Citing *Koharski,* the Court held the prosecutor's failure was not reversible error where no prejudice to defendant's case was shown. Neither the record nor defendant's brief show any prejudice to the defendant. In addition, the Court in *Koharski* thought that even if the omission was prejudicial it was later remedied, because:

"[I]n view of the fact that the first witness upon the stand    *    *    *    told a connected story of the whole controversy, we think the jury must have been early advised as to what the claims of the prosecution were." 177 Mich at pp 196, 197.

In the instant case, similarly, the first witness, Mrs. Veldman, told the jury essentially what the prosecution was trying to prove. From the Supreme Court's rulings that GCR 507.1 does not require a full statement by the prosecutor, it appears the trial court committed no reversible error in denying appellant's motion to dismiss. We find no error by the trial court under *People* v. *Koharski, supra* and *People* v. *Clayton, supra.*

Defendant charges error in the trial court's instructions to the jury. Defendant's counsel failed to

preserve by objection error that might have been committed. *People* v. *Van Driesche* (1908), 154 Mich 158, *People* v. *Mallory* (1966), 2 Mich App 359, and *People* v. *Dexter* (1967), 6 Mich App 247.

Defendant argues that the prosecutor committed prejudicial error in failing to indorse two *res gestae* witnesses whose existence became known to him at trial and in failing to call two indorsed witnesses who were in court available to defendant's counsel. Since defendant's counsel did not object at trial to the failure of the prosecutor to locate and produce the claimed *res gestae* witnesses, he cannot raise this point for the first time on appeal. *People* v. *Rimson* (1966), 3 Mich App 713; *People* v. *Brandon* (1969), 16 Mich App 601. For the ordinary witness who is indorsed, the prosecutor's only obligation is to produce him in court. *People* v. *Kern* (1967), 6 Mich App 406. The record is clear that the prosecutor fulfilled this requirement.

Affirmed.