PEOPLE *v.* CLAUDE SMITH

Homicide—Felony-Murder.
> All parties to an agreement to commit a felony are liable for a murder committed in furtherance of the planned felony even though a homicide was not planned.

Appeal from Recorder's Court of Detroit, Donald S. Leonard, J. Submitted Division 1 March 16, 1971, at Grand Rapids. (Docket No. 10313.) Decided April 30, 1971.

Claude Smith was convicted, on his plea of guilty, of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant on appeal.

Before: Holbrook, P. J., and Fitzgerald and T. M. Burns, JJ.

Per Curiam. Defendant was convicted, on his plea of guilty, of manslaughter and was sentenced to a 7–1/2 to 15 year prison term pursuant to the

---

Reference for Points in Headnote
40 Am Jur 2d, Homicide §§ 34, 72 *et seq.*

provisions of MCLA § 750.321 (Stat Ann 1954 Rev § 28.553). The people have moved to affirm the conviction. GCR 1963, 817.5(3).

The single issue on appeal is that the trial court erred in allowing defendant's plea of guilty to stand where defendant told the court, after the plea of guilty was accepted but before sentencing, that he did not know that his codefendant, who actually shot decedent, was armed and, therefore, that he could not be guilty of any felonious homicide because the shooting was beyond the scope of the agreement of the two men to commit a robbery only. It is manifest that the question presented, on which decision of the cause depends, is so unsubstantial as to need no argument or formal submission. Where two or more persons combine to commit a felony and a murder is committed in furtherance or in the prosecution of that felony, all parties to the agreement to commit the felony are liable for the murder even though a homicide was not planned. *People* v. *Koharski* (1913), 177 Mich 194; *People* v. *Belton* (1910), 160 Mich 416.

Motion to affirm is granted.