STATE of North Dakota, Plaintiff and Respondent,

v.

Donald LENDE, Sr., Defendant and Appellant.

Cr. No. 415.

Supreme Court of North Dakota.

Sept. 1, 1971.

Rehearing Denied Oct. 1, 1971.

Eugene A. Kruger, State's Atty., and William D. Yuill, Asst. State's Atty., Fargo, for State of North Dakota.

P. W. Lanier, Jr., of Lanier & Knox, Fargo, for defendant and appellant.

**54**

CLIFFORD JANSONIUS, District Judge.

This is an appeal from a judgment of conviction. The defendant was charged with the crime of assault and battery upon a peace officer, a charge established by the 1969 Legislature.

Section 12–26–04, N.D.C.C., as amended, reads:

"Any person convicted of assault or assault and battery shall be guilty of a misdemeanor, except that if such offense is committed upon a peace officer who is performing his official duties, such crime shall be a felony."

The information charges:

"The State's Attorney for the County of Cass, in the State of North Dakota, accuses Donald Lende, Sr. of committing the crime of ASSAULT AND BATTERY and charges that heretofore, to-wit: on the 7th day of February, 1970, in the City of Fargo, County of Cass and State of North Dakota, the said defendant, Donald Lende, Sr., did wilfully, unlawfully, feloniously, and without justifiable cause or excuse, use force and violence upon the person of one Donald Lawyer, and at the said time and place, the said Donald Lawyer was employed as a peace officer by the Fargo Police Department and was performing his official duties, this in violation of Chapter 12–26 of the North Dakota Century Code as amended; This against the peace and dignity of the State of North Dakota, and contrary to the form of the Statutes in such case made and provided."

The defendant entered a plea of not guilty, and was tried by a jury and convicted. The Court sentenced him to one year at the State Farm.

The evidence indicates that the defendant was in an alley in back of a restaurant which he operated, behaving in a disorderly manner and using vulgar and obscene language. A police officer by the name of Donald R. Lawyer was patrolling in the neighborhood of the back door of the restaurant, and a discussion developed between the police officer and the defendant which resulted in the charge made. The police officer's testimony is as follows:

"Q. What did you do?

"A I told him he was under arrest, and I reached out with my hand like this and touched his shoulder [indicating]. And I said, 'Wait a minute, Mr. Lende, you're under arrest.' And I was going to say, 'For disorderly conduct,' but I didn't—

"Q. What did he do?

"A. He turned around and belted me in the mouth."

The record indicates that the judgment of conviction was entered on August 3, 1970, and an amended notice of appeal was filed which, in addition to the appeal from the judgment, attempted to enlarge the appeal as follows:

"YOU WILL PLEASE TAKE FURTHER NOTICE, that Donald Lende, Sr., defendant above named, hereby appeals to the Supreme Court of the State of North Dakota, from the trial court's denial of the defendant's motion for directed verdict of dismissal and acquittal or advised verdict of acquittal and from the whole thereof."

Notwithstanding the paragraph added in the amended notice of appeal, as above set forth, the defendant did not make a motion for a directed or advised verdict, nor did the Court see fit to take any action in that regard and attempt to advise the jury. Further, the defendant made no motion for a new trial or in arrest of judgment, and at no time moved to quash the information. Therefore the appeal in this case is from the judgment only, and brings before this Court for review any errors of law committed by the trial Court which appear in the record of the action and which have been preserved and

presented in the manner prescribed by statute. State v. Dietz, 115 N.W.2d 1 (N.D. 1962); State v. Timm, 146 N.W.2d 552 (N.D.1966); State v. McClelland, 72 N.D. 665, 10 N.W.2d 798 (1943).

Counsel for the defense at the time of argument interjected a statement to the effect that he felt that he had not competently represented the defendant in the trial. He bases this claim on the fact that the Court did not permit him to introduce certain evidence on cross-examination of the complaining witness, Lawyer, to the effect that the witness had a reputation for violence and abuse of power.

The offer of proof in connection therewith is as follows:

"MR. LANIER: That I was attempting, Your Honor, to lay a foundation for impeachment of this witness, and intended from there, not only at this time but later in our case in chief, if we get that far, to show this officer has a reputation of temper and potential temperament generally for violence and overuse of his power of the badge. That this has not only been with other persons, but has been within the department also itself. And that the general reputation for violence, abuse of the badge, is admissible in the particular case at bar.

"I would have offered to prove by this witness, and by impeachment of him and other witnesses, which I presume under the present ruling I am barred from doing, that this officer was fired outright by Chief Woodley because of his overuse of his fists, his billy stick and culminating finally into striking squarely in the jaw a police officer still with the department, one Wayne Olson. And at that time he was forced to resign. That eventually Chief Anderson shortly thereafter rehired him. I would attempt to prove that by the records of the Fargo Police Department, by the testimony of other police officers, by the testimony particularly of Wayne Olson, and by the testimony of then Chief Woodley.

"This completes my offer of proof, Your Honor."

■ The Court sustained the objection of the prosecution, and the exclusion of such testimony was proper. See 1 Jones on Evidence, Section 172, page 303, where we read:

"The reputation or character of the victim in the assault case * * * is not directly in issue and consequently evidence thereof is not relevant except that on the question of self-defense, or who was the aggressor, such evidence has circumstantial value and will be received.

"In order for the defendant to introduce evidence of the turbulent and quarrelsome character of the victim of his assault he must first introduce foundation evidence tending to show that he acted in self-defense. It has been held that the defendant's own testimony does not provide sufficient foundation; but in other jurisdictions the testimony of the accused has been held sufficient.

"When the accused has introduced evidence of the quarrelsome and turbulent character of his victim the prosecution may resort to evidence to show his good character or that he was peaceful and law-abiding."

■■ An adverse ruling on a question of law cannot be used by counsel as a claim of incompetence and denial of a client's rights, and as justification for a new trial. If this theory were sustained, the Court would find itself in a position which would make the granting of a new trial almost automatic. This contention of defendant's counsel must be disregarded. People v. Kaczor, 14 Mich.App. 724, 165 N.W.2d 899 (1968).

■ The other issues raised by the defendant are not properly before this Court for the reasons heretofore stated. The Court nevertheless is placed in a difficult

position because counsel insists that the conviction must be the result of his failure or omission to have done everything possible for the defendant. We have carefully reviewed the evidence, which leaves us with no conclusion other than that the jury was justified in returning the verdict of guilty. State v. Wilson, 142 N.W.2d 106 (N.D.1966); State v. McClelland, *supra*, 72 N.D. 665, 10 N.W.2d 798 (1943).

█ Also in connection with the position taken by counsel, the procedures followed by the officer in making the arrest have been examined. An arrest is authorized by statute when a public offense is committed or attempted in the presence of a peace officer. Sec. 29–06–15, N.D.C.C. The evidence justifies a determination that this situation existed at the time the arrest was made.

The judgment of conviction is affirmed.

STRUTZ, C. J., and KNUDSON, TEIGEN and ERICKSTAD, JJ., concur.

PAULSON, J., deeming himself disqualified did not participate; CLIFFORD JANSONIUS, Judge of the Fourth Judicial District, sitting in his stead.