506 P.2d 1273

**The STATE of Utah, Plaintiff and Respondent,**

v.

**Paul Kay BIGGS, Defendant and Appellant.**

No. 12971.

Supreme Court of Utah.

Feb. 26, 1973.

———◆———

Galen Ross, of Mitsunaga & Ross, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., David S. Young, Asst. Atty. Gen., Salt Lake City, for plaintiff-respondent.

HENRIOD, Justice:

Appeal from a couple of burglary and grand larceny convictions after a jury trial. Affirmed.

Biggs claims error because:

1) The prosecutor made no opening statement, which we held in United States v. Sprague, 8 Utah 378, 31 P. 1049 (1893), was not error, and which case has stood the test of time, and which case and such time we are indisposed now to reverse.

2) The court refused to instruct on a theory that an accomplice, under a cloak of immunity, testifying against Biggs, really was the culprit,—which theory we think inapropos here, and unmeritorious since other instructions given amply reflected the purity or impurity of the witness's cop-out.

3) The court did not instruct the jury closely to scrutinize the accomplice's testi-

mony,—which, under the facts of this case, if error, erroneously would have insulted the intelligence of the veniremen, whose consciences, though questionable, perhaps in probable varying individual degrees, nonetheless were merged in righteous unanimity,—which is the American system,—give or take a little.

Under such circumstances, what can we do, under our system,—which, after all, we think is better than the rack or the thumbscrew, without it.

CALLISTER, C. J., and ELLETT, CROCKETT, and TUCKETT, JJ., concur.