ANTHONY GABLICK v. THE PEOPLE.

*Possession of stolen property.*

Mere possession of stolen property affords but slight presumption of the guilt of taking it.

Possession of stolen goods immediately after the theft may sometimes be almost conclusive of guilt, but the presumption weakens as the period of time between the theft and the possession increases, and may scarcely arise at all if others besides the accused have had equal access with himself to the place where the goods were found.

The weight of evidence is for the jury to decide, but where the circumstances must determine whether the evidence does or does not supply a presumption of guilt, the jury should be instructed as to their bearing upon such presumption.

Error to Berrien. Submitted Jan. 15. Decided Jan. 28.

LARCENY. The facts are in the opinion.

*Clapp & Fyfe* for plaintiff in error.

Attorney General *Otto Kirchner*, for the People, confessed error.

COOLEY, J. Plaintiff in error was convicted of the larceny of certain articles of clothing from a car of the Michigan Central Railroad Company. The larceny took

place on or about the fourteenth day of September, 1877, while the car was in transit west from Jackson. The most important evidence supposed to connect plaintiff in error with the larceny was several of the articles being found on premises occupied by him, and some of them in his bed. The finding took place in January, 1878. As to the articles found in the bed it appeared that search was made for them in the house the day before without success, but on going a second time, the officer discovered them. To break the force of the evidence of this discovery, plaintiff in error called as a witness John Gablick, who had previously pleaded guilty of the same larceny, and he testified that he placed the articles where they were found after the first search was made, and that plaintiff in error had nothing to do with the larceny or with the concealment of the goods. It also appeared from his evidence and that of others that John Gablick occupied another part of the same house in which the things were found.

This being the evidence the court was requested to instruct the jury that "the fact of possession of stolen property, standing alone and unconnected with any other circumstance, affords but slight presumption of guilt, for the real criminal may have artfully placed the property in the possession or on the premises of an innocent person the better to conceal his own guilt." This request the court refused, but the jury were instructed that they must consider all the circumstances and allow the evidence such weight as they believed it deserved.

We think the plaintiff in error was entitled to the instruction requested. It is perfectly true that the jury must judge of the proper weight of the evidence; but when evidence is laid before them which only indirectly tends to raise an inference of guilt, and the importance of which must depend altogether upon circumstances, it is the right of the respondent to have the jury instructed how these circumstances bear upon the presumption of guilt. Possession of stolen property, if immediately sub-

sequent to the larceny, may sometimes be almost conclusive of guilt (see *Walker v. People,* 38 Mich.); but the presumption weakens with the time that has elapsed, and may scarcely arise at all if others besides the accused have had equal access with himself to the place where it is discovered. A jury may or may not attach importance to these circumstances; but as the law permits the inference of guilt to be drawn under some circumstances, and not under others, the jury should have some instruction how to deal with these circumstances when they are placed before them.

This is the only error we discover in the record. The judgment is reversed and a new trial ordered.

The other Justices concurred.