PEOPLE v. REYNOLDS

PEOPLE v. BOGNAR

1. LARCENY—UNOCCUPIED HOUSE—DWELLING HOUSE—BUILDINGS.

A house is a dwelling house within the larceny in a building statute where the house's primary function is a place for human habitation and its residential function is apparent to an otherwise uninformed observer; the building need not be occupied at the time of the larceny (MCLA § 750.360).

2. LARCENY—BUILDINGS—DWELLING HOUSE—LOSS OF STATUS.

A building may lose its status as a dwelling house for the purpose of the larceny in a building statute by non-occupancy or disrepair; the condition of disrepair must be such as would communicate to an observer an apparent intent of the owner to abandon the house's function as a place in which people live (MCLA § 750.360).

3. LARCENY — BUILDINGS — DWELLING HOUSE — EVIDENCE — QUESTION OF FACT.

Question of whether a building was a dwelling house within the larceny in a building statute was a question of fact where the building had been a dwelling house, but at the time of the larceny and for some time before the larceny had not been occupied, the items which the defendants took from the building were articles normally found in a dwelling house, the house was full of furniture and furnishings, and was habitable (MCLA § 750.360).

Appeal from Tuscola, James P. Churchill, J. Submitted Division 2 February 3, 1971, at Lansing.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  50 Am Jur 2d, Larceny § 49.
[3]  50 Am Jur 2d, Larceny §§ 170, 171.

(Docket Nos. 8167, 8168.)    Decided February 23, 1971.    Leave to appeal denied May 12, 1971, 384 Mich 840.

Ruth Reynolds and Annabelle Bognar were convicted of larceny in a building.   Defendants appeal.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Leo E. Maki,* Prosecuting Attorney, for the people.

*Allan C. Schmid,* for defendants.

Before:   QUINN, P. J., and McGREGOR and O'HARA,* JJ.

PER CURIAM.   Defendants' jury trial resulted in their conviction of larceny in a building, MCLA § 750.360 (Stat Ann 1954 Rev § 28.592).   They were sentenced and they appeal.

Although defendants specify four issues on appeal, all issues can be resolved by our response to one question, namely: As a matter of law, is the building from which the property was taken outside the statute involved?

The statute specifies "dwelling house" as one of the buildings covered by the statute.   Defendants contend that due to disuse, disrepair, and nonhabitation the building involved was not a dwelling house, and hence the offense of which defendants were convicted was not proved.   The building had been a dwelling house, although at the time of the offense and for some time prior thereto, it was not occupied.   However, the items taken from the building were

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

items normally found in a dwelling house; there was testimony that the building was full of furniture and furnishings and that the building was habitable.

The trial judge left for jury determination the question of whether the building was a dwelling house, instructing the jury:

"Now a dwelling house, for the purpose of this statute, is a building of such design and character, and condition that its primary function is a place for human habitation, and such residential function must be apparent to an otherwise uninformed observer. The building need not be presently occupied to be a dwelling house, and a building may lose its status as a dwelling house by reason of non-occupancy and disrepair. But the condition of this disrepair must be such as would communicate to an observer an apparent intent of the owner to abandon its function as a place in which people live.

"The undisclosed intention of the owner does not control. The building's actual and apparent residential capacity do control. This is an issue for the jury on the evidence in this case. Even if you do determine that the defendants, or one of them, committed larceny in this building, it will be your duty to return a verdict of not guilty, unless you also find beyond a reasonable doubt that the building qualifies as a dwelling house, as I defined these terms, and of course, the time in which it must have been a dwelling house would have been at the time of such larceny."

We affirm. On this record, the status of the building as a dwelling house was a jury question. The instruction on this question was proper, and there is evidence to support the jury finding that the building was a dwelling house.

Affirmed.