PEOPLE v STRAWTHER

Opinion of the Court

1. Larceny—Evidence—Inferences—Possession—Recently Stolen Property.

A trier of fact may properly infer that one in possession of recently stolen property was the thief, but in order for possession to be grounds for such an inference it must have been exclusive, recent, and involve a conscious assertion of property by the defendant (MCLA 750.360).

2. Larceny—Evidence—Inferences—Possession.

The Court of Appeals cannot as a matter of law make an inference upon an inference from a single fact in order to sustain a conviction; in a larceny case it is improper to infer possession from a defendant's presence near the stolen goods and then to infer that the defendant had stolen the goods from the fact of possession, and the trial court erred in inferring both possession and theft from mere presence (MCLA 750.360).

Dissent by V. J. Brennan, J.

3. Larceny—Evidence—Sufficiency.

*Evidence of a defendant's possession of the stolen goods, his presence at the scene of the crime, and his inculpatory statement is sufficient to sustain a conviction of larceny (MCLA 750.360).*

Appeal from Recorder's Court of Detroit, Henry Heading, J. Submitted Division 1 February 15, 1973, at Detroit. (Docket No. 14936.) Decided May 25, 1973.

Joe Strawther was convicted of larceny in a

References for Points in Headnotes
[1, 2] 29 Am Jur 2d, Evidence §§ 167, 229.
[3] 29 Am Jur 2d, Evidence §§ 289, 290, 1129.

building. Defendant appeals. Reversed and defendant discharged.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Robert E. Slameka,* for defendant on appeal.

Before: Lesinski, C. J., and R. B. Burns and V. J. Brennan, JJ.

Lesinski, C. J. On February 22, 1972 Joe Strawther was found guilty by a judge, sitting without a jury, of larceny in a building, MCLA 750.360; MSA 28.592. He was sentenced to from two to four years in prison. He appeals as of right.

Defendant's single allegation of error is that the circumstantial evidence presented is insufficient to support the conviction. We will therefore recount at length the evidence adduced at trial.

Complainant testified that on October 23, 1970, between 2 and 6 p.m., his automobile reconditioning garage was broken into. His tools and equipment were stolen. He further alluded to the fact that defendant had said "we would get straight" concerning complainant's loss.

At this point we note that everyone agrees that the complainant, defendant, and all the witnesses were friends at one time. Defendant, some of the witnesses, and others in the neighborhood often drank in the empty lot and alley adjoining complainant's garage. Also complainant had allowed defendant to spend the night in his garage on

occasion because defendant had no other place to sleep.

Witnesses Youngblood, Scott, and Jackson testified that they saw defendant and two men named "Fifi" and "Slim" standing near a tool box and buffing machine on the side of complainant's garage at approximately 4:30 p.m. on the day in question. Witness Jackson further testified that defendant asked him to help move the tools back into the garage. The witness refused because he did not want the police to catch him carrying the tools back into the garage.

Defendant took the stand and testified that he had nothing to do with removing the tools from the garage. He had a bad back and could not lift anything heavy. "Fifi", defendant's uncle Claude Dorris, had seen the tools by the side of the building and told defendant about them. The two of them walked over to the tools. Defendant then tried to convince "Fifi" and witness Jackson to help him move the tools back inside the garage. Both refused. Defendant then left.

The trial judge asked defendant the following question:

"Did you ever tell Mr. Davis you would make up for the stuff that was missing?

*"The witness:* No, I told Mr. Davis at that time when we was coming to court, I said any kind of arrangements to keep down trouble and confusion, I would try to help him get some of his tools back."

The prosecution finally called "Fifi" as a res gestae witness. His testimony corroborated defendant's. He told defendant about the tools because he felt that defendant was in charge of the garage.

The prosecution now argues from *People v Fry,* 17 Mich App 229, 231 (1969), that "it is well

established that the trier of fact may properly infer that one in possession of recently stolen property was the thief". In *Fry* the issue of possession was clear because defendant sold the stolen radio to a pawn shop owner. Here defendant was seen with others near the stolen property, but no one ever saw him even touch the property. In order for possession to be grounds for an inference, it must be exclusive, recent, and involve a conscious assertion of property by defendant. Wharton's Criminal Evidence (12th ed), § 135, pp 254–259.

In *People v McDonald,* 163 Mich 552, 554 (1910), the Court considered the issue of possession saying:

"Respondents denied possession of the property. While it is true, as urged by respondents, that none of it was found upon their persons when they were apprehended, yet it was found concealed at a point so close to where they were when arrested (less than two feet) and so near in point of time to the commission of the crime, we are of opinion that the question of whether or not respondents, at the moment of their arrest, were in the actual possession of the stolen property, was a question for the jury."

The Court reversed defendants' convictions on the ground that the prosecution must show more than mere possession. There was no evidence that defendants had been in the vicinity of the scene of the crime.

Of course there is ample evidence that defendant in the case at bar was at the scene of the crime. The additional problem here is that he spent much of his time in and around the garage —so it was not unusual for him to be there. The inference of guilt from evidence of presence at the scene is thereby greatly diminished. The question

is whether we will allow a court to infer from mere presence both possession of the goods and that defendant stole them.

In *People v Johnson,* 4 Mich App 205, 206–207 (1966), the Court confronted a similar problem:

"He was arrested at the scene of the crime by police officers who were responding to a report of a break-in at a gasoline station. He was apprehended behind a sign in the rear of the gasoline station. The policeman testified that the defendant was in a stooped position when arrested. A screwdriver subsequently identified as having been taken from the station was found on the ground near him. His explanation of his presence at that time and place was variously that he had been drinking and had felt sick to his stomach and had regurgitated and that he had to urinate. No evidence of either action was found by the police officer. No stolen property or tools appropriate to the break-in were found in his possession.

"The only criminating evidence adduced was the defendant's presence at the scene of the crime and his activities which the police regarded as suspicious. His explanation was that he lived next door to the gasoline station and no evidence was introduced to show he did not. His exculpatory statements, even if regarded as false, while they might show a consciousness of guilt are no substantive evidence of it. See *United States v McConney* (CA 2, 1964), 329 F2d 467."

The Court reversed, without requiring a new trial, for insufficient evidence.

In the case at bar there is some dispute as to how often defendant spent the night in complainant's garage and as to who was drinking with whom on the day of the crime; even if defendant were believed to be lying about these things, this is not substantive evidence of the offense. Here also there is an additional piece of evidence—plaintiff testified that defendant said "we would

get straight". This statement, if true, is susceptible of more than one interpretation, as evidenced by defendant's explanation of it.

The prosecutor would have us infer possession from defendant's presence near the goods and then infer that he had stolen the goods, from the fact of possession. We cannot, as a matter of law, make an inference upon an inference from a single fact. There is insufficient evidence as a matter of law to sustain this conviction. The prosecutor has failed to negative every reasonable theory consistent with defendant's innocence. *People v Spann,* 3 Mich App 444 (1966).

We would note that our holding today might seem to conflict with dicta in *McDonald, supra,* which states at pages 555–556:

"The unexplained possession of property recently stolen is *prima facie* evidence of larceny * * * but, unaccompanied by other facts or circumstances indicating guilt, will not sustain a conviction for burglary."

The case relied on for this proposition, *People v Carroll,* 54 Mich 334 (1884), merely held that possession of stolen property was *some* evidence of burglary. We find no case in Michigan which has allowed conviction for larceny on the sole evidence of possession. We see no logical reason why mere possession should be prima facie evidence of larceny any more than it should be prima facie evidence of burglary. In *Gablick v People,* 40 Mich 292, 293 (1879), the Court, per Justice COOLEY, reversed a larceny conviction because of the failure of the trial court to instruct the jury that mere possession "affords but slight presumption of guilt". We feel that the better rule is that possession is merely some evidence of larceny just as it is of burglary. *State v Mevis,* 53 Wash 2d 377; 333

P2d 1095 (1959). In the case at bar we need not
specifically confront the dicta of *McDonald* because
the issue of possession is not clear. The trial court
erred in inferring both possession and theft from
mere presence.

Reversed and defendant is ordered discharged.


R. B. Burns, J., concurred.


V. J. Brennan, J. *(dissenting)*. The defendant
herein was convicted by a judge sitting without a
jury of larceny in a building (MCLA 750.360; MSA
28.592) for which he received a sentence of from
two to four years in prison. On this appeal of
right, the defendant raises but one issue: Was
there sufficient evidence to convict the defendant
of the crime charged?

At the trial, the complainant, Mr. Thomas S.
Davis, testified that on October 23, 1970, he owned
an automobile repair shop and at 2 p.m. that day
he closed the premises and locked the doors and
gave no one permission to enter. He returned later
around 6 p.m. and found that the front door had
been entered and that a broken window in the
front door apparently facilitated entry. It was
discovered that the complainant's tools, tires,
buffing machine, vacuum cleaner, and shotgun
were missing; he estimated the worth of these
removed goods to be approximately $2,000. The
stolen items were never recovered.

Upon the trial in this matter, several witnesses
were called who testified that, among other things,
the defendant had made a statement to the com-
plainant, "we would get straight". This was in
reference to the complainant's loss.

The trier of the facts heard several witnesses;
one Mr. Mallon Youngblood testified that when he

passed the building at around 4:30 or 5 o'clock he saw the defendant, whom he knew, standing on the side of the building in possession of a buffing machine and a mechanic's toolbox. He further testified that he recognized those items as belonging to the complainant. The trial judge also heard a Mr. Roosevelt Jackson testify that when he passed the building on the day in question he observed the defendant standing in front and not more than several minutes later when he returned he saw the defendant standing on the side of the building in possession of the complainant's buffing machine and toolbox. Another witness, Lewis E. Scott, testified that he saw the defendant standing next to the garage with the toolbox, vacuum cleaner and buffing machine next to him; he further testified that it looked like the property of Davis.

I disagree with the majority's application of existing authority to these facts, and to the conclusion they reach thereby. Here we had defendant in possession of the stolen goods, we had his presence at the scene of the crime plus an inculpatory statement. These facts more than sustain a conviction of larceny. *People v McDonald,* 13 Mich App 226 (1968); *People v Moore,* 39 Mich App 329 (1972); *People v Brown,* 42 Mich App 608 (1972).

I would affirm.