## PEOPLE v THOMAS

Docket No. 77-3717. Submitted March 20, 1979, at Detroit.—Decided June 19, 1979. Leave to appeal applied for.

Defendant, David W. Thomas, was charged, along with Robert K. Dyche, with larceny in a building. Thomas was the manager of St. Thomas Rug Cleaning of Kalamazoo, which was hired by Meijer Thrifty Acres to clean the carpet in one of its party stores in Wyoming, Kent County, Michigan. Both Thomas and Dyche were locked in the store after closing, along with their equipment, four large buckets and a large carpet cleaning machine. Before allowing the men out, the acting night manager came to the store and inspected the equipment for store property. At first he found nothing, but, as he watched the men load the machine into a van, he noticed a partially open panel in the bottom of the machine and, on closer examination, discovered four bottles of liquor tucked in the motor compartment of the machine. Both men denied knowledge of the presence of the bottles at the scene and neither testified at trial. Defendant was convicted in a bench trial in Kent Circuit Court, John T. Letts, J. Defendant appeals. *Held:*

In order to infer from the fact of possession of stolen goods that the possessor was a thief the possession must be recent, exclusive and involve a conscious assertion of property. Here there was inadequate evidence that the possession was exclusive.

Reversed.

BEASLEY, J., dissented. He would hold that there was some evidence sufficient to find that defendant's theory that Dyche acted alone had been negated.

REFERENCES FOR POINTS IN HEADNOTES

[1] 50 Am Jur 2d, Larceny §§ 160-163.
What amounts to "exclusive" possession of stolen goods to support inference of burglary or other felonious taking. 51 ALR3d.
[2] 76 Am Jur 2d, Trial §§ 1257, 1264, 1267, 1268.
[3] 50 Am Jur 2d, Larceny §§ 15-17, 19, 22, 23, 49.

Opinion of the Court

1. Criminal Law — Inferences — Possession.

Possession of stolen property, to be grounds for the inference that the possessor is a thief, must be exclusive, recent and involve a conscious assertion of property.

Dissent by Beasley, J.

2. Criminal Law — Findings of Fact — Bench Trial — Appeal and Error.

*The trial judge in a bench trial is the trier of fact, and he may give such weight to the testimony as, in his opinion, it is entitled; the Court of Appeals will not set aside such findings of fact unless it concludes they are clearly erroneous.*

3. Criminal Law — Larceny in a Building.

*The elements of larceny in a building are: (1) an actual or constructive taking of goods or property; (2) a carrying away or asportation; (3) the carrying away must be with felonious intent; (4) the subject matter must be the goods or personal property of another; (5) the taking must be without the consent and against the will of the owner; and (6) the taking must be done within the confines of a building.*

*Frank J. Kelly,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Donald A. Johnston,* Assistant Prosecuting Attorney, for the people.

*Robert L. Redmond,* for defendant on appeal.

Before: D. C. Riley, P.J., and M. J. Kelly and Beasley, JJ.

M. J. Kelly, J. The facts are accurately set forth in Judge Beasley's dissenting opinion. However, after careful consideration of those facts in light of the relevant legal principles, we are convinced that the people did not produce evidence sufficient to permit a finder of fact to determine that defendant Thomas, acting alone or in concert with Dyche, was the perpetrator of that larceny.

We conclude that there is nothing in the tran-

script which compels, or even inferentially permits, the conclusion that defendant Thomas knew that the liquor bottles were hidden with the carpet cleaning machine. Because the bottles were out of sight, the defendant did not necessarily know they were hidden inside the machine. If Dyche had put them inside the cleaner, it strains credulity to conclude that defendant would have had to see him because a person standing inside this Meijers Thrifty Acres store could "clearly see all of the store". The liquor counter lined a 60-foot wall and, even if defendant's head was mounted on a swivel, it is highly improbable that Dyche was never out of his sight during the several hours it took to clean the carpeting, even though neither left the premises. Although there was testimony concerning the height of the shelves on the premises, there was no testimony concerning the reach of the hoses, the manipulation of the nozzles or the frequency of need for emptying the buckets and refilling the machine which would support the conclusion that the workers were always in sight of each other. We conclude from this record that it was entirely possible for the coworker, Dyche, to have committed the larceny without Thomas's knowledge or assistance.

In making the case for affirmance, the people contend that Thomas's possession of the carpet cleaner, and of the recently stolen property contained within, permits the inference that he was the thief. *People v Fry,* 17 Mich App 229; 169 NW2d 168 (1969). We disagree. In order for possession to be grounds for an inference, it must be exclusive, recent and involve a conscious assertion of property by defendant. 1 Wharton's Criminal Evidence (13th ed), § 139, pp 234-240. Although there was testimony that Thomas customarily operated the machine and that Dyche only assisted

him by moving hoses and dumping water, we think this evidence insufficient to establish the "exclusive" element of possession; absent this predicate, we cannot make the inferential leap from possession of stolen property to perpetration of larceny.

We reverse and order the defendant discharged for the failure of the people to produce evidence from which a trier of fact could find defendant guilty beyond a reasonable doubt of the crime of larceny in a building.

D. C. Riley, P.J., concurred.

Beasley, J. *(dissenting).* I respectfully dissent.

Defendants, David W. Thomas and Robert K. Dyche, were charged with larceny in a building contrary to MCL 750.360; MSA 28.592 arising out of the alleged theft of four bottles of liquor. Defendant Dyche did not appear for trial.[1]

Tried alone, defendant Thomas was convicted in a bench trial of larceny in a building as charged. He was sentenced to two years probation with the last 30 days to be spent in the county jail, a fine of $150 and costs of $200. He appeals as of right.

Defendant Thomas, who is described as the manager of St. Thomas Rug Cleaning of Kalamazoo, was hired by Meijer Thrifty Acres, a large department, grocery and variety chain store business, to clean carpets in one of their party stores in Wyoming in Kent County. Both defendant Thomas and defendant Dyche, who assisted him, were locked in the store alone after closing to clean the carpet. They brought with them four large white buckets and a large carpet cleaning machine, about 3-1/2

---

[1] The prosecutor's brief says defendant Dyche "absconded" and could not be located for trial.

feet high and 4 feet long. This machine, which was on wheels and so heavy that it took both men to lift it, had a water tank on the top and panels on the bottom, back and sides. Before allowing the men out, the acting night manager came to the store and inspected the equipment for store property. At first he found nothing, but as he watched them load their equipment into a van, he noticed that the bottom panel of the carpet cleaning machine was partially opened. Looking further, he found four bottles of liquor tucked away in the motor compartment of the machine. Both defendants denied knowledge of the presence of the bottles in the carpet cleaning machine at the scene of the crime, but neither testified at trial. As indicated, only defendant Thomas was tried in this action.[2]

On appeal, defendant raises several issues.

First, he argues that the prosecution failed to produce sufficient evidence at trial to support his conviction.

The burden rests with the prosecution to prove all of the elements of the alleged crime beyond a reasonable doubt.[3] In a bench trial the trial judge is the trier of fact, and he may give such weight to the testimony as, in his opinion, it is entitled. We do not set aside such findings of fact unless we conclude they are clearly erroneous.[4]

The elements of larceny in a building are set forth in *People v Wilbourne:*[5]

---

[2] The testimony does not make it clear whether defendant Thomas was an independent contractor or employed by another carpet cleaning concern. Neither is it clear as to the relationship between defendants Thomas and Dyche. It is clear that defendants brought a carpet cleaning machine with them and removed it on completion of the job.

[3] *People v Smith,* 73 Mich App 463, 474; 252 NW2d 488 (1977).

[4] GCR 1963, 517.1.

[5] 44 Mich App 376, 378; 205 NW2d 250 (1973).

"* * * (1) an actual or constructive taking of goods or property, (2) a carrying away or asportation, (3) the carrying away must be with a felonious intent, (4) the subject matter must be the goods or the personal property of another, (5) the taking must be without the consent and against the will of the owner. See *People v Anderson,* 7 Mich App 513, 516 (1967). To these elements, the crime charged requires a 6th element: (6) the taking must be done within the confines of the building."

This case presents evidence that: (1) four bottles of liquor belonging to Meijer were removed from shelves in the store and hidden in the motor compartment of a carpet cleaning machine owned or in the possession of defendant Thomas; (2) the four bottles of liquor were placed in the carpet cleaning machine by defendant Thomas or by defendant Dyche or by both acting in concert; (3) the carpet cleaning machine was removed from the store by defendants Thomas and Dyche working together to a van owned by or in possession of defendant Thomas; (4) Meijer did not consent to taking possession and removal of the four bottles of liquor by defendants. Thus, there would seem to be ample evidence to support a finding that the elements of larceny in a building have been established.

Defendant Thomas argues that it was possible that defendant Dyche took the bottles of liquor and hid them in the carpet cleaning machine without the consent or knowledge of defendant Thomas. He further claims that the prosecutor had the burden of proving the negative, that is, that defendant Dyche did not take and hide the bottles of liquor without the consent or knowledge of defendant Thomas because he says it is a rule in criminal cases that the prosecution must negative every possible theory of defendant's innocence.

There was some evidence here that this would not have been possible. I refer to testimony that the height of the shelves was such that a person standing up could see anywhere in the store, that the location where Scotch liquor was kept was 40 feet from where vodka liquor was kept, that defendant Thomas ran the machine and defendant Dyche only moved hoses and dumped water from the carpet cleaning machine in the restroom, as indicating defendant Thomas would have had to know and to aid and abet if defendant Dyche took and hid the bottles of liquor in the carpet cleaning machine. This evidence was sufficient for the factfinder to hold that defendant's claim of "an equally plausible theory" had been negatived by the prosecutor.

But even if I were to conclude that it was *possible* for defendant Dyche to have committed the larceny without defendant Thomas knowing and aiding and abetting, I do not believe it would require reversal here.

In *People v Edgar*,[6] this Court indicated that while it is for the factfinder to determine if the prosecution has negated every reasonable theory consistent with the defendant's innocence of the crime charged,[7] it is also true that, as a matter of law, some cases are simply too weak to go to the jury. In that case, we pointed out that it is not in all cases necessary to specifically disprove all innocent theories no matter how far-fetched or unreasonable they may be. Rather, the test is whether the prosecution proves its own theory beyond a reasonable doubt in the face of whatever contradictory evidence the defense may produce. The *Edgar* Court then concluded that even though

---

[6] 75 Mich App 467; 255 NW2d 648 (1977).

[7] *People v Fuller,* 395 Mich 451; 236 NW2d 58 (1975).

there was a physical possibility of defendant's theory of innocence, the evidence made it highly unlikely and, therefore, as a matter of law, there was sufficient evidence to permit reasonable men to find guilt beyond a reasonable doubt.

Applying these principles, I hold that the evidence here, as to the relationship between defendant Thomas and defendant Dyche, that defendant Thomas managed the carpet cleaning business, that he possessed, controlled and operated the carpet cleaning machine in which the stolen bottles of liquor were found, and that defendant Thomas participated in moving the carpet cleaning machine outside the store and lifting it into a van under his control, gave rise to a permissible inference by the factfinder that defendant Thomas, in concert with defendant Dyche, took the bottles of liquor, hid them in the carpet cleaning machine and removed them from the store.

In *People v Glumb*,[8] in affirming a jury verdict of larceny in a building, this Court permitted a jury to infer that defendant and a woman were acting in concert where the only testimony was that the woman placed two boxes of Christmas tree lights in a shopping bag held by defendant before the parties left the store and were arrested.

*People v Marshall*[9] deals with the proposition that there must be supporting evidence to justify giving an aiding and abetting charge. If the within case had been heard by a jury, I would hold there was sufficient evidence of the relationship between defendants Thomas and Dyche to give an aiding and abetting instruction. Thus, I believe the factfinder here was entitled to apply the aiding and

---

[8] 20 Mich App 272; 174 NW2d 83 (1969).

[9] 53 Mich App 181; 218 NW2d 847 (1974).

abetting statute if he found the evidence compatible.

Defendant cites *People v Strawther.*[10] We distinguish *Strawther* whose facts are much weaker than here. In *Strawther* there was a serious issue regarding possession of the tools; the tools were seen by several witnesses outside of the garage in which they were usually kept and, thus, many unknown persons had access to them. Contrary to these facts, in the within case the stolen property was recovered while in possession of the two defendants immediately after being taken from its customary location in the building. We find *Strawther* not controlling here.

In *People v Little,*[11] this Court affirmed a conviction in a nonjury trial, saying:

"We further find that the circumstantial evidence in this case supports defendant's conviction. As defendant argues, in a case based on circumstantial evidence the prosecution has the burden of proving that there is no reasonable innocent theory in accord with the facts, and any inference involved must follow as an impelling certainty. * * * However, it is for the trier of fact to determine whether the prosecution has negated every reasonable theory consistent with the defendant's innocence. * * * And it is likewise for the trier of fact to determine if the inferences are compelling. * * * In this case the trier of fact did find every reasonable theory of defendant's innocence negated and the inferences used compelling." (Footnote and citations omitted.)

Consistent with these decisions, I find there was sufficient evidence to support the trial court's conclusions.

The other issues recited by defendant are offshoots of the issue I have discussed and are an-

---

[10] 47 Mich App 504; 209 NW2d 737 (1973).
[11] 87 Mich App 50, 54; 273 NW2d 583 (1978).

swered by these comments. I find they are without merit.

I would vote to affirm.