## PEOPLE v THOMPSON

Docket No. 56004. Submitted January 6, 1982, at Lansing.—Decided March 18, 1982.

William E. Thompson was convicted by a jury in Eaton Circuit Court of larceny in a building and was sentenced, Hudson E. Deming, J. Defendant appeals. *Held:*

1. The trial court did not err in allowing the jury to consider the issue of whether a porch is to be considered part of a dwelling house for purposes of the statute proscribing larceny from a building or a dwelling house.

2. The trial court did not err by denying defendant's motion for a directed verdict following the conclusion of the prosecution's case.

3. The evidence presented by the prosecution was legally sufficient to sustain defendant's conviction.

Affirmed.

1. WORDS AND PHRASES — "DWELLING HOUSE".

The term "dwelling house" has not been precisely defined by either case law or statute; thus, whether a particular structure constitutes a dwelling house in a given case is a question of fact.

2. APPEAL — CRIMINAL LAW — MOTIONS AND ORDERS — DIRECTED VERDICT OF ACQUITTAL.

A reviewing court, in passing on a motion for a directed verdict of acquittal, must consider only the evidence which had been introduced at the time the motion was made, view that evidence in the light most favorable to the prosecution, and determine whether that evidence would justify a reasonable

REFERENCES FOR POINTS IN HEADNOTES

[1] 13 Am Jur 2d, Burglary § 3.
Burglary: outbuildings or the like as part of "dwelling house." 43 ALR2d 831.
[2, 4] 75 Am Jur 2d, Trial §§ 548-552.
[3] 50 Am Jur 2d, Larceny § 149.
[5] 75 Am Jur 2d, Trial §§ 344, 347.

man in concluding that all elements of the crime were established beyond a reasonable doubt.

3. LARCENY — EVIDENCE — POSSESSION OF STOLEN PROPERTY.

A trier of fact may infer that one in possession of recently stolen property was the thief; exclusive possession of the stolen property by that person is essential only where there is a lack of evidence showing concert of action between two or more persons, any one of whom may have been the thief.

4. APPEAL — CRIMINAL LAW — DIRECTED VERDICT OF ACQUITTAL.

The standard for reviewing a claim that a trial court erred in failing to direct a verdict of acquittal is the same as that used in reviewing a claim that the evidence presented by the prosecution was legally insufficient to sustain a conviction except that all the evidence is considered and not just that adduced by the prosecution; the standard used for reviewing a claim of legal insufficiency is that the evidence must be viewed in a light most favorable to the prosecution and that a determination must be made as to whether a rational trier of fact would have found that the essential elements of the crime were proven beyond a reasonable doubt.

5. CRIMINAL LAW — FINDINGS OF FACT.

It is for the factfinder in a criminal case to determine, except in a very small group of cases where, as a matter of law, the evidence is too weak, whether every reasonable theory consistent with a defendant's innocence has been rebutted.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Paul F. Berger,* Prosecuting Attorney, and *C. Sherman Mowbray,* Assistant Prosecuting Attorney, for the people.

*John W. Ujlaky,* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and BRONSON and BEASLEY, JJ.

BRONSON, J. Following a jury trial in the Eaton County Circuit Court, defendant was convicted of larceny in a building. MCL 750.360; MSA 28.592. Defendant was sentenced to 2 years' probation,

with the first 30 days to be spent in the Eaton County jail. Defendant now appeals as of right.

This prosecution was based on the theft of two chairs and a rug from the porch of a home. Defendant's first contention is that a porch is not a "building" within the meaning of MCL 750.360; MSA 28.592. We agree with the prosecution that the question is more appropriately framed as whether a porch is to be considered part of a dwelling house for purposes of MCL 750.360; MSA 28.592.

The term "dwelling house" has not been precisely defined by either case law or statute. See *People v Losinger,* 331 Mich 490; 50 NW2d 137 (1951) (arson), *People v Winhoven,* 65 Mich App 522; 237 NW2d 540 (1975), *lv den* 397 Mich 872 (1976) (breaking and entering an occupied dwelling), *People v Foster,* 103 Mich App 311; 302 NW2d 862 (1981), *lv den* 411 Mich 980 (1981) (arson). Thus, in similar cases, it has been said that whether a particular structure constitutes a dwelling house is a question of fact. Compare, *People v Reynolds,* 31 Mich App 110; 187 NW2d 524 (1971), *lv den* 384 Mich 840 (1971).

From the evidence adduced at trial, the following pertinent details concerning the relationship of the house and porch were brought out. The occupants of the house used the porch as an extension of the main dwelling area. The roof which covered the main portion of the house also covered the porch. Pillars supported the roof of the porch, which was not otherwise enclosed.

We agree with the prosecution that MCL 750.360; MSA 28.592 is intended to protect persons' property rights in their dwellings. Given that the porch in issue here was directly connected to the house and served a residential function, we

cannot say that the trial court erred in allowing the jury to consider this issue. While a different result would be required had the lower court stated that, as a matter of law, the porch constituted a dwelling house, this ultimate factual determination was properly left to the jury.[1]

Defendant next asserts that the trial court erroneously denied his motion for a directed verdict following the conclusion of the prosecution's case. In *People v Royal,* 62 Mich App 756, 757-758; 233 NW2d 860 (1975), this Court indicated:

"In passing on a motion for a directed verdict of acquittal in a criminal case, the reviewing court must 1) consider only the evidence which had been introduced at the time the motion was made, * * * 2) view that evidence in the light most favorable to the prosecution, * * * and 3) determine whether that evidence, if credible and believed, would justify a reasonable man in concluding that all elements of the crime were established beyond a reasonable doubt. * * *". (Footnotes and citations omitted.)

We will apply this test to the following evidence produced by the prosecution. The record reflects that at approximately 3 a.m. on March 17, 1980, defendant was stopped by Grand Ledge police officers while driving his friend's pickup truck. The friend, Keith Lowe, was a passenger in the truck. The officers observed a rug, two chairs, and a white table in the back of the truck. At the time of the stop, the officers did not know the furniture was stolen. Another Grand Ledge police officer had

[1] Most of the courts which have considered this issue have concluded that a porch, as is involved in this case, may be considered part of a dwelling house for purposes of appropriate criminal statutes. See, *inter alia, Downer v State,* 10 Ga App 827; 74 SE 301 (1912), *State v Scott,* 162 Kan 571; 178 P2d 182 (1947), *Henderson v United States,* 84 US App DC 295; 172 F2d 289 (1949). *Contra, Driver v State,* 206 Ala 195; 89 So 504 (1921).

observed the truck stopped on a residential street, with its lights off, approximately ten minutes earlier. This officer further testified that he observed a man exit from the passenger side of the truck and enter the back of the vehicle. The officer heard "scraping" sounds, as if something was being moved around the back of the truck. At the time of the stop, defendant said he and his friend were at the house "taking a leak". However, this story did not comport with the officer's observations of defendant and his companion.

At approximately 7 a.m. on March 17, 1980, Mary Sebright notified the Grand Ledge police that a rug and two chairs had been stolen from the front porch of her home sometime between 11 p.m. on March 16, 1980, and 6:30 a.m. on March 17, 1980. The stolen furniture was the same furniture which the officers had seen in the truck driven by defendant earlier that morning. The rug was later recovered from the cab of the truck, and Keith Lowe took police to a barn where he had stored the chairs. Lowe was also charged in this case and had pled guilty to receiving and concealing stolen properly with a value of less than $100 by the time of defendant's trial.

It is a well-established proposition that the trier of fact may infer that one in possession of recently stolen property was the thief. *People v Williams,* 368 Mich 494, 501; 118 NW2d 391 (1962), *cert den* 373 US 909; 83 S Ct 1297; 10 L Ed 2d 411 (1963), *People v Fry,* 17 Mich App 229, 231; 169 NW2d 168 (1969). We believe that, based on the evidence detailed above, the jury would be within its rights to infer that defendant was the thief. There is strong circumstantial evidence that defendant stole the property in issue only minutes before being initially stopped by the Grand Ledge police officers.

Defendant argues, however, that *Williams* and *Fry* are inapplicable here. Relying on *People v Strawther,* 47 Mich App 504; 209 NW2d 737 (1973), and *People v Thomas,* 90 Mich App 703; 282 NW2d 452 (1979), *rev'd* 407 Mich 936; 285 NW2d 658 (1979), defendant contends that, on the facts of this case, no fair inference can be drawn that he was the thief. Both *Strawther* and *Thomas* state that the inference of theft may only be drawn where the possessor's possession is "exclusive, recent and involves a conscious assertion of property by defendant". In this case, the only ingredient arguably missing is "exclusivity" of possession. However, we think "exclusivity" is essential only where there is a lack of evidence showing concert of action between two or more persons, any one of whom may have been the thief. Otherwise, a case in which the evidence showed that two persons conspired to perpetrate the theft would have to result in acquittals since neither person had "exclusive" possession of the property. Both *Strawther* and *Thomas* are distinguishable on their facts, and in *Thomas* the Supreme Court reinstated the guilty verdict anyway.

Defendant finally asserts that the evidence presented by the prosecution was legally insufficient to sustain a conviction. This is essentially the same argument as defendant's claim that the trial court erred in failing to direct a verdict of acquittal. The standard for review is really the same, except that all the evidence is considered and not just that adduced by the prosecution when legal sufficiency is in issue. See the test for legal sufficiency propounded in *People v Delongchamps,* 103 Mich App 151, 159; 302 NW2d 626 (1981). While a defense might be so persuasive that it renders it impossible for a rational factfinder to conclude

beyond a reasonable doubt that the offense was committed by defendant, such is not the case here. The defense case was riddled with minor inconsistencies and problems which could easily lead a jury to conclude defendant's version of the events in issue was not accurate. Except in a very small group of cases where, as a matter of law, the evidence is too weak, it is for the factfinder to determine if every reasonable theory consistent with defendant's innocence has been rebutted. See *People v Fuller,* 395 Mich 451; 236 NW2d 58 (1975), *People v Edgar,* 75 Mich App 467; 255 NW2d 648 (1977), and *Thomas, supra,* BEASLEY, J., dissenting.

Affirmed.