PEOPLE v NICEN

Docket No. 61494. Submitted December 13, 1982, at Detroit.—Decided February 10, 1983.

Clifford H. Nicen, Jr., was convicted of larceny in a building and was sentenced following a bench trial in Wayne Circuit Court, Myron H. Wahls, J. Defendant appeals. *Held:*

1. The prosecutor did not abuse his discretion by charging defendant with a felony, larceny in a building, rather than a misdemeanor, simple larceny.

2. The trial court did not clearly err in finding that defendant specifically intended to commit a larceny in a building.

3. The trial court did not err in finding that the prosecutor did not cause reversible error by failing to seek defendant's approval of the prosecutor's waiver of his opening statement.

Affirmed.

1. CRIMINAL LAW — PROSECUTING ATTORNEYS — DISCRETION IN CHARGING — LARCENY IN A BUILDING — SHOPLIFTING.

A prosecutor did not abuse his discretion by charging a defendant with the felony of larceny in a building rather than the misdemeanor of simple larceny where the defendant's act could not be construed as shoplifting and the prosecutor presented evidence that the defendant took property with a value of more than $100 (MCL 750.360; MSA 28.592).

2. CRIMINAL LAW — LARCENY IN A BUILDING — INTENT.

The fact that a defendant not only possessed a stolen check and money when apprehended but was observed taking money from his employer's cash register and leaving with that property belonging to his employer is sufficient for a rational fact-finder to conclude beyond a reasonable doubt that defendant intended to take the stolen property.

REFERENCES FOR POINTS IN HEADNOTES

[1] 50 Am Jur 2d, Larceny §§ 49, 50.
[2] 50 Am Jur 2d, Larceny § 35 *et seq.*
[3] 75 Am Jur 2d, Trial §§ 202, 203.

3. CRIMINAL LAW — PROSECUTING ATTORNEYS — OPENING STATE-
   MENTS — WAIVER — COURT RULES.
    A trial court did not err in finding that a prosecutor did not
    cause reversible error by failing to seek the defendant's ap-
    proval of the prosecutor's waiver of his opening statement
    (GCR 1963, 507.1).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

*Monash & Monash, P.C.* (by *Richard A. Monash),* for defendant on appeal.

Before: CYNAR, P.J., and N. J. KAUFMAN and MACKENZIE, JJ.

PER CURIAM. Following a bench trial, defendant was convicted as charged of larceny in a building. MCL 750.360; MSA 28.592. Defendant was sentenced to two to four years imprisonment. He appeals as of right.

Relying on dicta in *People v Carmichael,* 86 Mich App 418; 272 NW2d 667 (1978), *lv den* 406 Mich 949 (1979), defendant argues that the prosecutor abused his discretion by charging defendant with the felony of larceny in a building rather than the misdemeanor of simple larceny.

Even if *Carmichael* is considered competent authority for the rule that a defendant accused of shoplifting may not be charged with larceny from a building, that rule is not applicable in this case. Defendant's act cannot be construed as shoplifting. Defendant, an employee of Hudson's employed in other than a sales position, stole money from an open cash register of his employer. Further, al-

though the trial court correctly found that the prosecutor need only prove that property of some value was taken by defendant, the prosecutor presented evidence that defendant took property valued over $100. The proofs showed that defendant took cash from register #273 and put that cash in his right hand. The security guard observed those actions and pursued defendant. When caught, defendant turned over the cash in his hand to the security guard. The value of that cash was $160. Moreover, the audited shortage in register #273 was $194.84, the total of the $160 cash and a $34.84 check defendant had in his possession. This evidence could convince a fact-finder beyond a reasonable doubt that the value of the stolen property was over $100. See, also, *People v Bolton,* 112 Mich App 626; 317 NW2d 199 (1981), and *People v Ditto,* 110 Mich App 654; 313 NW2d 177 (1981), where panels of this Court rejected the argument that it was an abuse of discretion to charge a violation under the more harsh of two statutes.

Defendant's additional allegations also lack merit.

The prosecutor presented sufficient evidence that defendant specifically intended to commit a larceny in a building. See *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), and *People v Thompson,* 114 Mich App 302; 319 NW2d 568 (1982). The proofs established that defendant not only possessed a stolen check and money when he was caught but was observed taking money from his employer's cash register and leaving with that property belonging to his employer. Such actions are sufficient for a rational fact-finder to conclude beyond a reasonable doubt that defendant intended to take the stolen property. The trial court did not clearly err in so finding.

The trial court did not err by finding that the prosecutor did not cause reversible error by failing to seek defendant's approval of the prosecutor's waiver of his opening statement. First, the language of GCR 1963, 507.1, is directory, not mandatory. Second, defendant did not object immediately or show how he was prejudiced by the absence of the opening statement. Finally, a trial judge as fact-finder does not benefit from a general introductory opening statement in the same manner as a jury. The trial judge can be assumed to know what elements the prosecutor must prove and apply the law to the facts presented. See *People v Joseph,* 24 Mich App 313, 318-319; 180 NW2d 291 (1970), and *People v Clayton,* 236 Mich 692, 694-695; 211 NW 42 (1926).

Affirmed.